JOHN A. HENDERSON, *Plaintiff in Error,* v. W. H. KENDRICK AND G. N. BENJAMIN, *Defendants in Error.*

Opinion Filed July 6, 1921.

1.  In an agreement to compromise a disputed claim, forbearance to sue in respect of the claim is a good consideration.

2.  When a person *bona fide* believes he has a fair chance of success in a suit against another, his forbearance to sue constitutes a good consideration.

3. Where a person has an immediate right to have an execution levied and defendant's property advertised for sale, an agree-ment to pay a sum of money for forbearance to levy an at-tachment and advertise property for sale, is a valid one.

4. The detriment which will constitute a consideration for a promise need not be an actual loss to the promisee. It is sufficient if he does something that he is not legally bound to do.

5. An agreement to pay a sum of money if the holder of a judgment will forbear to have execution levied and advertise the property of the defendant for sale, is an agreement for the benefit of the promisor, and is a detriment to the promisee and constitutes a valid claim against the promisor.

Writ of Error to a Judgment of the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*Shackleford & Shackleford* and *Shackleford & Parks,* for Plaintiff in Error;

*Lunsford & Whitaker,* for Defendants in Error.

BROWNE, C. J.—John A. Henderson, the plaintiff in error, held a judgment against W. H. Kendrick and G. N. Benjamin, and was about to have execution levied upon their property and advertise it for sale on the first Monday in July, 1919; to prevent this, the defendants promised in writing that "in consideration of your not having the execution which has been issued on said judgment levied upon our property and advertising the same for sale on the first Monday in July, A. D. 1919, we hereby promise to pay you the amount of said judgment and the cost of

court by the 20th day of June, A.D. 1919.   The amount of said judgment is $4,214.02 exclusive of the court costs.''

The declaration set out substantially:  the recovery of the judgment for $4,214.02, upon which execution had been issued, and that the sheriff was proceeding to have same levied upon property of the defendants, and to have the property advertised.   That in consideration that the plaintiff would stay all further proceedings ''and would forbear to have the execution levied upon the property of the defendants, and to advertise the same for sale on the first Monday in July, A. D. 1919, the defendants promised the plaintiff to pay to Shackleford & Shackleford, his attorneys, the amount of the judgment together with the costs of court, by the 20th day of June, A. D. 1919;'' that the plaintiff forebore to have the execution levied upon the property of the defendants and advertised for sale on the first Monday in July, A.D. 1919, and that all conditions precedent have been performed, and all events have happened, and periods of time have elapsed to entitle the plaintiff to maintain this action; yet the defendants have not paid the amount of said judgment, and costs of court, or any part thereof.''

A demurrer to the declaration was overruled, and the defendants filed four pleas to which the plaintiff demurred and filed a motion to strike.   The demurrer was overruled, and the motion to strike denied.

The defendant in error contends that the declaration failed to state a cause of action, and that the plaintiff having interposed a demurrer to the pleas, it opened the question of the sufficiency of the declaration, and if the declaration is bad, the judgment of the lower court should be affirmed.   We dispose of this contention by finding that

the declaration states a complete cause of action, and in all material matters following the form laid down in 2 Chitty on Pleadings, 231.

Without going further into the details of the pleadings, the question presented by the assignments of error based upon the judgment of the Court overruling the demurrer to the pleas and denying the motion to strike them, is, can an action be maintained to recover on a contract whereby the defendant obligated himself to pay a stipulated sum to stay for a given period all further proceedings in an action, *and* forbear to levy execution upon the property of the defendants *and* advertise the *same for sale?*

The contract for forbearance which is the basis of this suit was not a new promise to pay an old debt, but an independent contract whereby the defendants obligated themselves to pay a stipulated sum to avoid having their property levied on by the sheriff and advertised for sale.

The advertisement of property for sale under an execution may work serious injury to the owners of the property, perhaps greater than the amount of the judgment which the property is about to be sold to satisfy. In the case of a business house it might result in loss of credit; precipitate claims of creditors and end in bankruptcy. To avoid this, a defendant in execution may well be willing to pay a stipulated sum to prevent the advertisement of his property for sale.

There seems to be no question about the proposition that if the amount that the defendants agreed to pay for the forbearance had been an hundred dollars, or some amount less than the amount of the judgment, that the contract would be valid, and the plaintiff could recover on it. It is contended, however, that because the amount agreed to be

paid for the forbearance, was the exact amount of the judgment, that it must be treated merely as an agreement to pay a debt that the defendants were already legally bound to pay. We will dispose of this contention.

In the earlier English cases, the rule was that forbearance to prosecute an invalid claim is under all circumstances an incompetent consideration. Loyd v. Lee, 1 Strange 94 (Eng.). See 2 Street's Foundations of Legal Liability, 76, and cases therein discussed.

Without padding this opinion with more specific reference to the cases, it appears that in the early part of the 19th century the rule was materially modified in England. In the case of Callisher v. Bischoffsheim, L. R. 5 Q. B. Cas. 449, text 452, it appears that the plaintiff in good faith believing he had a valid claim against the Government of Honduras, was about to institute proceedings to enforce its payment. Thereupon in consideration that the plaintiff would forbear for a specified time to institute proceedings upon the claim, the defendant promised to deliver to the plaintiff certain debentures of the Honduras Railway. In a suit for the breach of this promise by refusing to deliver the debentures, it was held that the plaintiff's forbearance to institute suit for the period agreed upon was a good consideration, although the claim upon which he was about to sue was wholly unfounded.

In that case Lord Chief Justice Cockburn said: "No doubt it must be taken that there was, in fact, no claim by the plaintiff against the Honduras Government which could be prosecuted by legal proceedings to a successful issue; but this does not vitiate the contract and destroy the validity of what is alleged as the consideration. The authorities clearly establish that if an agreement is made

to compromise a disputed claim, forbearance to sue in respect of that claim is a good consideration; and whether proceedings to enforce the disputed claim have or have not been instituted makes no difference. If the defendant's contention were adopted, it would result that in no case of a doubtful claim could a compromise be enforced. Every day a compromise is effected on the ground that the party making it has a chance of succeeding in it, and if he *bona fide* believes he has a fair chance of success, he has a reasonable ground for suing, and his forbearance to sue will constitute a good consideration. When such a person forbears to sue he gives up what he believes to be a right of action, and the other party gets an advantage, and, instead of being annoyed with an action, he escapes from the vexations incident to it."

This rule generally prevails in the courts of this country. Among the many illustrations of forbearance which have been held to constitute a sufficient consideration for a contract is "an agreement to stay or forbear from an attachment or execution." 13 *Corpus Juris,* 345. It would serve no purpose to indulge in an elaborate treatment of this question, as a very full discussion of it can be found in 13 Corpus Juris, 342 *et seq.* and cases therein cited. See also 10 Harvard L. Rev. 113.

It may be well, however, to point out the distinction between those cases which hold that forbearance to sue upon an unenforcible cause of action is not a sufficient consideration for a promise to pay money, (Palfrey v. Portland, S. & P. R. R. Co., 4 Allen, (Mass.) 55, and the case under consideration. Conceding that the plaintiff's judgment was void, it had not at the time of the agreement been so pronounced, and there is no question about the immediate right of the plaintiff to have had the execution

levied and defendant's property advertised for sale. Such a proceeding even on a void judgment, but which had not been so adjudicated when the agreement was entered into might have worked serious injury to the defendants, and it was to avoid such possible injury and vexation, that they entered into a new agreement.

In the instant case the defendants got what they bargained for,—the forbearance to levy the execution and advertise their property for sale, and it was a detriment to plaintiff to delay securing his judgment by levying on the defendants' property. The detriment which will constitute a consideration for a promise need not be an actual loss to the promisee. It is sufficient if he does something that he is not legally bound to do. 6 R. C. L. 656.

The elements of benefit to the promisor and detriment to promisee, are present in this case, and we find that the agreement sued on constitutes a valid claim against the defendants.

It follows, that the Court erred in overruling the demurrer to the defendant's pleas, and the judgment for the defendant is reversed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.