**Edward I. STONE**

v.

**KRYLON, Inc.**

**Civ. A. No. 20126.**

United States District Court
E. D. Pennsylvania.

June 11, 1956.

Samuel M. Brodsky, Philadelphia, Pa., for plaintiff.

Russell Conwell Cooney, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In his complaint plaintiff avers that in May, 1950, the defendant corporation orally promised him that if he would aid defendant in developing a satisfactory special product for the coating of asbestos shingles defendant would grant him the exclusive distributorship for the product throughout the United States for a minimum period of ten years. Thereafter as a result of plaintiff's efforts a special product for the coating of asbestos shingles was developed in the early part of October, 1950. On October 26, 1950, defendant confirmed the agreement it had made with plaintiff in the previous May and as a part of its compliance with the terms of the agreement and as part of an attempt to create plaintiff's exclusive distributorship it agreed to sell to plaintiff certain quantities of the product which plaintiff had helped to develop at a total price which exceeded $500. It is further averred in the complaint that "On or about November 3, 1950, defendant corporation violated the terms and conditions of the aforesaid oral understanding and agreement by failing and refusing to grant plaintiff the national distributorship of the aforesaid product and failing and refusing to ship to plaintiff any amount of the special product and/or thinner, said refusal thereby constituting a breach of the aforesaid contract entered into by and between plaintiff and defendant corporation."

Defendant has filed a motion to dismiss the complaint, its contention being that its contract with plaintiff to deliver the special product is unenforceable under the Statute of Frauds of the Pennsylvania Sales Act, the Act of May 19, 1915, P.L. 543, Sec. 4, as amended, 69 P.S. § 42 (superseded by Sec. 2–201 of the Uniform Commercial Code, 12A P.S. § 2–201) because the contract involves a sale of goods, of the value of more than $500.

The contract here, however, is not a contract of sale. In essence it is a contract involving two principal elements: (a) plaintiff's performance of certain personal services for defendant and (b) defendant's promise to grant plaintiff the exclusive agency to sell certain goods. This is a contract of employment, the consideration for the services being not wages or salary but a valuable franchise.

Plaintiff does allege a specific undertaking by defendant to deliver goods val-

ued at more than $500. This is not, however, a separate agreement, but a matter of performance by defendant of its obligations under the employment contract.

Since this in substance is not a sales contract, the statute of frauds contained in the Sales Act does not apply. Defendant's motion to dismiss the complaint will be denied.