CARROLL, CHAS., Chief Judge.
Appellants seek reversal of a summary judgment rendered against them in the circuit court in Dade County, in the amount of $42,642.67 plus certain costs.
The appellants were attorneys who were active in the management of North American Investments, Inc., a corporation operating a hotel at Miami Beach. Miami National Bank had recovered a judgment against the corporation for $56,010.47. An involuntary petition in bankruptcy had been filed against the corporation.
As an incident to the dismissal of the bankruptcy proceedings, which appears to have been arranged in some manner not fully disclosed by the record, an agreement was made between the parties, and joined in by the appellants and two other individuals,[1] in which the judgment creditor agreed to “refrain from issuing execution upon the judgment aforesaid, or otherwise enforcing the same” in return for certain promises on the part of the debtor corporation and the individuals — by the former to pay out the judgment in certain stated installments, and by the latter a guaranty of the payment of the installments in the amounts and at the times specified in the agreement, and further unconditionally guaranteeing “the full and final payment of said judgment in its entirety.” That agreement contained a provision for acceleration of the judgment debt in event of failure to pay any installment. A default occurred, the acceleration clause was invoked, and the action against the appellants as guarantors followed, resulting in a summary judgment against them in the amount of *674 $42,642.67 plus certain costs, from which this appeal was taken.
Upon consideration of the record and briefs, and after hearing oral argument, this court concludes that the assignments of error relied upon by appellants are without merit, and that the judgment must be affirmed. See Henderson v. Kendrick, 82. Fla. 110, 89 So. 635; Barnes v. Beaumont, Fla.1954, 70 So.2d 560; 24 Am.Jur., Guaranty, § 52; 17 C.J.S. Contracts §§ 89, 103. We pretermit, as unessential, discussion of the questions raised, other than the contention by appellants that their guaranty should be construed to be only for payment of the installments as they were provided to become due, and that appellants could not be required to pay the accelerated balance. The construction of the contract thus urged by appellants is not supported by its wording.’ The language of the portion of the contract by which the appellants' obligation was incurred was as follows:
“2. Kahan, Browarnik, Street and Greenfield do hereby unconditionally guarantee to Bank that all sums herein-above covenanted by North American to be paid by it on account of said judgment shall be paid promptly on or before the dates above specified, and do further hereby unconditionally guarantee the full and final payment of said judgment in its entirety, hereby waiving presentment, demand of payment, protest and notice of non-payment or protest, or further making of any demand upon them by said Bank.”
The above quoted paragraph from the written agreement shows that while the appellants guaranteed payment of the several installments specified in the contract, they also “further” guaranteed “the full and final payment of said judgment in its entirety.” The latter clause, when read in connection with the provision for acceleration supports the construction placed on the contract by the able trial judge, which was that the appellants not only guaranteed payment of the installments as provided for, but also guaranteed payment of the judgment in full as the same should become payable under the agreement.
No error having been made to appear, the summary judgment appealed from is hereby affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.

. Besides appellants Street and Greenfield, the contract of guaranty was entered into by Stanley Kahan and Moe Browarnik. A default was entered against the latter two; they are not parties to this appeal as the judgment appealed from was against Street and Greenfield only.