141 So.2d 334 (1962)
CITY OF VALPARAISO, A Municipal Corporation existing under the laws of the State of Florida, Appellant,
v.
C.H. LONG, Appellee.
No. D-34.
District Court of Appeal of Florida, First District.
May 17, 1962.
Virginia Searcy Barr, Valparaiso, and Gillis E. Powell, Crestview, for appellant.
Ernest C. Wimberly, Fort Walton Beach, for appellee.
CARROLL, DONALD K., Chief Judge.
The plaintiff in an action for non-payment of a check has appealed from an adverse summary final judgment of the Circuit Court for Okaloosa County which was entered on the ground that there was a failure of consideration for the check.
The evidence before the court at the hearing on the defendant's motion for a summary judgment showed the following:
The defendant owed the plaintiff city $1,004.64 for delinquent city taxes on property he owned within the municipal limits. The city was taking steps to hold a sale of tax certificates covering those taxes on July 15, 1960, but on the day preceding that date the defendant went to the city hall and delivered his personal check to the city in the said sum, stating that he was paying the taxes in order to stop the tax certificates from being sold. In reliance on such payment the next day the city did not offer for sale the tax certificates on the said delinquent taxes. A few days later the city presented the check for payment but found that the defendant had stopped payment thereon.
The city clerk testified that, when the defendant gave him the check in question, he gave the defendant a receipt for $1,004.64, which receipt inexplicably was still in the clerk's possession. The clerk also testified that that evening he filled in "the cards" reciting such payment, but "this card is not the tax, the official tax record," and his official tax record does not show the taxes *335 paid. It was on the basis of this testimony that the court held, as a matter of law, that there was a failure of consideration for the check, and entered the summary judgment.
With reference to such holding, we point out that a check, like other negotiable instruments, is presumed to have been issued for a valuable consideration. See Section 674.27, Florida Statutes, F.S.A. Consequently, the burden was upon the defendant to prove the failure of consideration in order to overcome that presumption.
The appellant-plaintiff contends, however, that the evidence shows that there were several adequate considerations for the check, pointing out that the city gave the defendant a receipt for the amount of the check and the taxes were marked paid on the record card kept for that purpose, from which cards the official tax rolls are posted. The appellant also emphasizes the undisputed fact that the defendant delivered the check for the express purpose of preventing the tax certificates from being sold the next day, and that, in reliance on the check, the city did not offer for sale the tax certificates on the defendant's property.
We think this last contention is well taken. The rule is well recognized that the forbearance to enforce a legal right is sufficient consideration for a promise where such forbearance is requested. See 7 Am. Jur., Bills and Notes, Section 243, pages 938 and 939.
A defense of total failure of consideration cannot stand if the maker received any benefit in exchange for the check. 4 Fla.Jur.Bills, Notes and Checks, Section 57, pages 387 and 388. Unquestionably, the defendant received a benefit from the forbearance by the city from selling the tax certificates on his property.
Under these circumstances the Circuit Court clearly erred in entering the summary judgment for the defendant. As we construe the record, the evidence before the court permitted no reasonable inference other than that the defendant executed the said check upon a valuable consideration, receiving the benefit he requested  the city's forbearance to sell the tax certificates.
The final summary judgment appealed from is reversed, and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
STURGIS and RAWLS, JJ., concur.