John H. EASLEY, Appellant,

v.

W. C. ALLEN, Appellee.

No. 22612.

United States Court of Appeals
Fifth Circuit.

Oct. 12, 1966.

Gardner W. Beckett, Jr., Nelson, Beckett & Nelson, St. Petersburg, Fla., for appellant.

Thomas C. MacDonald, Jr., John I. Van Voris, Tampa, Fla., for appellee; Shackleford, Farrior, Stallings, Glos & Evans, Tampa, Fla., of counsel.

Before BROWN, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

The appellant Easley complains of the judgment of foreclosure entered by the United States District Court for the Middle District of Florida in an admiralty proceeding instituted by the appellee Allen to foreclose a purchase money note and mortgage executed and delivered by appellant Easley to appellee Allen on a sea-going fishing vessel. The case was heard and decided by the District Court sitting without a jury.

Initially, Allen the seller, and Easley the buyer, entered into a "contract for sale of boat" but subsequent to the execution of the contract a number of disagreements developed between the parties relating to repairs to be made on the vessel, the condition of it at the time the contract of sale was executed, the time within which repairs were to be completed, the charging of supplies, equipment and repairs against the vessel, and the removal and sale of certain equipment belonging to the vessel. The contract was executed on January 18, 1964. Finally, on May 5, 1964, the note and mortgage in question were executed and delivered by Easley to Allen and title transfer papers were delivered by Allen to Easley. The mortgage and title transfer were duly recorded with the Collector of Customs at Tampa and this information was endorsed on the ship's documents in accordance with the Ship Mortgage Act, 1920, as amended, 46 U.S. C.A. § 911 et seq. The purchase money note and mortgage did not follow the terms of the "contract for sale of boat" as to the amount and time of payments. Moreover, the contract of sale was not performed in exact accordance with its terms.

After a full hearing the court found that the preferred ship mortgage had been executed and delivered for a valuable consideration, that Easley had defaulted in payment of the note and mortgage in accordance with their terms and that such default constituted a breach of the covenants of the preferred ship mortgage. In effect the court found that the note and mortgage were executed and delivered by Easley and accepted by Allen in settlement of the differences which had arisen between them with respect to

the original contract of sale. In effect the court found a novation.[1]

Easley contends that Allen had orally agreed to allow him a credit on the first installments due on the note to offset the cost of engine repairs. The court found against him on this issue. Easley further contends that the original contract dated January 18, 1964, still governed the rights of the parties and that the district court was in error in finding a novation because there was no consideration to support the novation. Easley argues that no consideration flowed to him for the execution of the note and mortgage because, he contends, that he received no "benefits" other than as provided by the original contract.

Our review of the record convinces us that the trial court did not commit error and that the evidence clearly supports the finding of a novation supported by an adequate and valid consideration. See Henderson v. Kendrick, 82 Fla. 110, 89 So. 635 (1921); Bryan, Keefe & Co. v. Howell, 92 Fla. 295, 109 So. 593 (1926); Bennett v. Senn, 106 Fla. 446, 144 So. 840 (1932); Dorman v. Publix-Saenger-Sparks Theatres, Inc., 135 Fla. 284, 184 So. 886 (1938); Miller-Dunn Co. v. Green, 154 Fla. 72, 16 So.2d 637 (1944); Lamborn v. Slack, 107 So.2d 277 (Fla. App.1958); City of Valparaiso v. Long, 141 So.2d 334 (Fla.App.1962); Restatement of Contracts § 84; 1 Williston on Contracts, § 131B at pp. 554–555.

The judgment is affirmed.

---

1. The following exchange was made between counsel for Easley and the Court during the hearing:

   MR. BECKETT: * * * "Now, it has been our position all along, Your Honor, that the note and mortgage did not represent a restatement of this agreement, it did not represent a termination of the old agreement and a novation, so to speak. This contract called for a note payable at the rate of $500 a month. This contract didn't call for a mortgage, but it did call for a lien which will attach to the boat until said note is paid.

   THE COURT: Well, I have let it in because I wanted you to have an opportunity to get some presentment of your position. But I seriously doubt that your position can be sustained. When you follow up a contract with a mortgage and a note, you are getting into a problem of novation, just what you mentioned.

   MR. BECKETT: Yes, sir, precisely.

   THE COURT: And ordinarily, that is what it is. Now, I haven't see where anybody took advantage of anybody here or anything to void that entanglement. All I see here is straight proceedings between two businessmen. That is what bothers me here, Mr. Beckett, and I don't mind telling you.

   MR. BECKETT: I can appreciate that. That has bothered me about the case."