**Joseph E. O'MALLEY, d/b/a O'Malley Sailmakers, Libelant,**

v.

**YACHT KAPPY, her engines, tackle, furniture, apparel, etc., Respondent.**

**No. 66–99–Adm–CA.**

United States District Court
S. D. Florida,
Miami Division.

July 11, 1967.

George H. Henry, Miami, Fla., for plaintiff.

Arthur Roth, Miami, Fla., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ATKINS, District Judge.

This cause came on for trial before the Court on a Libel filed by Joseph E. O'Malley, d/b/a O'Malley Sailmakers, against the Yacht "Kappy". The action sought to recover for labor and material furnished to the "Kappy." The Court has heard and considered the evidence presented by the parties. Thereupon the following Findings of Fact and Conclusions of Law are entered.

### FINDINGS OF FACT

1. Libelant is a citizen of Florida with his principal place of business in Miami Beach, Florida.

2. At the time this action commenced, Respondent was within the territorial jurisdiction of this Court.

3. Libelant entered into an oral agreement with the master of the "Kappy" to provide canvas and awning work for said vessel.

4. On May 25, 1965 Libelant furnished Respondent's owner, Taylor, with an estimate of the cost for performing said work. The estimate gave Taylor a choice of materials to be used together with the price for each of the materials.

5. The work was performed according to the agreement during the month of December, 1965.

6. On December 19, 1965 Libelant submitted its bill to Taylor. The bill included certain items not included in the estimate plus additional charges. The bill totaled $1293.77.

7. On January 7, 1966 Taylor sent to Libelant a check for $1032.00. This sum included payment of the items selected from the estimate plus payment for additional agreed work. It omitted payment for certain other items.

8. The check was accepted and cashed by Libelant but not before he crossed out the words "Payment in Full" and inscribed "Payment on Account Balance Due $261.77."

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter herein.

2. It affirmatively appears that Taylor presented his check in settlement of a disputed claim. By writing in the phrase "Payment in Full" on the check he made it clear that retention and use of the check could rightfully be exercised only upon acceptance of the condition upon which it was given.

Where the debtor attaches to his offer the condition that if accepted at all, it must be accepted in satisfaction of the claim in dispute, and the creditor accepts it, he takes it subject to the condition attached and it operates as an accord and satisfaction, even though the creditor, at the time of accepting the offer, declares that he will not receive it in that manner, but only in an attempt to fulfil the obligation of his claim as far as it will extend. 1 Fla.Jur. Accord and Satisfaction § 6.

1 C.J.S. Accord and Satisfaction § 34(c); Miller-Dunn Co. v. Green, 154 Fla. 72, 16 So.2d 637 (1944); Easley v. Allen, 367 F.2d 361 (5th Cir. 1966).

3. The notation on the check by Libelant was made, without Taylor's consent or knowledge. Libelant could not accept and cash the check and change the condition under which it was tendered. United States v. Tapor-Ideal Dairy Co., 175 F.Supp. 678 (N.D.Ohio, E.D.1959) aff'd 283 F.2d 869 (6th Cir. 1960).

4. The cause be and the same is hereby dismissed. Costs are to be taxed against Libelant. Respondent is to submit a Final Order within ten days of this date.