334 So.2d 116 (1976)
Frank S. UWANAWICH, Appellant,
v.
Alfred GAUDINI and Jean Gaudini, His Wife, Appellees.
No. 75-314.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Rehearing Denied July 6, 1976.
Robert M. Brake, Coral Gables, for appellant.
Militana, Militana & Militana, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
This is an appeal from a final judgment of foreclosure. The appellant is Frank S. Uwanawich, the mortgagor. The appellees are Alfred Gaudini and Jean Gaudini, the mortgagees. Three points are presented. *117 The first urges an abuse of discretion by the trial judge in allowing the acceleration of the mortgage debt. The second urges that the trial judge erred in failing to grant the mortgagor's prayer for a reformation of the default clause. The third urges error upon the procedure employed in the allowance of attorney's fees to the mortgagees. The facts are more conveniently stated upon the discussion of the points involved. The facts will be stated as though the trial judge had determined all conflicting evidence for the appellees.
The first question is whether the trial court abused its discretion by holding that the mortgagor had defaulted in the installment payments and by allowing a lien to be placed upon the mortgaged property. The mortgagor claims that equitable principles were violated in allowing acceleration of the mortgage debt.
The mortgage is a purchase money mortgage. A brother of the mortgagor first contracted to purchase the property. This contract was cancelled. The brother negotiated for the construction of a swimming pool on the property. A contract for the construction was signed by the mortgagor subsequent to his taking possession of the property. A mechanic's lien was filed against the property for this contract work prior to acceleration. The lien claimant was joined in this foreclosure and was subsequently dismissed from the case.
The mortgagor covenanted to make payments on the 25th of October, 1973, and the 25th day of each month thereafter, and to pay promptly all obligations and encumbrances on the property. The mortgage contained a 15 day default clause. The October and November payments were made without incident. The mortgagor discovered an unpaid water bill in the amount of $18.29 which he deducted from his December payment. The mortgagees protested immediately about the insufficiency of the amount of the payment but deposited the check for the lesser amount. The January, 1974, payment was not received by the mortgagees. The mortgagor testified that he mailed a check for the payment prior to the expiration of the 15 day default period. On February 14th, twenty days after the date the payment was due, the mortgagees filed the foreclosure suit and therein declared the entire debt due. On February 16th, the mortgagor tendered the January payment. On February 24th, the tender was renewed with the addition of the amount of the December deficiency. The tender of payments has been kept current.
Whatever the equities of the mortgagor are, under the circumstances of this case, they are not so overbearing that we should hold that the trial judge committed error in holding that the appellees were entitled to enforce the terms of their mortgage. See Campbell v. Werner, Fla.App. 1970, 232 So.2d 252.
The second question is whether the trial judge erred in failing to find for the mortgagor on his counterclaim to reform the note and mortgage to provide for a thirty day default period. When the mortgagor contracted to purchase the property involved, the contract stated that the purchase money mortgage would contain a thirty day default clause. The contract was between appellant and appellees and did not include the mortgagor's wife. The closing was scheduled for September 10, 1973. Prior to the date of closing, the mortgagees' attorney notified the mortgagor that the mortgagees would insist that mortgagor's wife signs the mortgage. The mortgagor agreed. The mortgagor declined to employ an attorney and chose instead to rely upon the advice of his title company representative. At the closing, a substantial question was raised as to the identity of the person presented by the prospective mortgagor as his wife. The attempted closing ended unsuccessfully with no signatures being placed on the mortgage. In order to facilitate the closing, the prospective mortgagor agreed, upon the advice of the title company representative, *118 to accept the prospective mortgagees' agreement to take the mortgage without a wife's signature but with a fifteen day, instead of thirty day, default clause. The re-scheduled closing took place, and the deed and mortgage were signed and delivered.
The mortgagor argues that because he could have legally forced a closing upon the terms of the contract of sale and, therefore, because the requirement to have his wife sign the mortgage was legally unenforceable, accordingly, his concurrent agreement to shorten the default period was void for lack of consideration. Thereupon, he asserts that the trial judge should have reformed the mortgage to extend to him the default period contained in the agreement of sale.
This argument overlooks the well-established rule that where a party has a bona fide belief that he has a legal right, a forbearance to enforce that right may be consideration for a new agreement. See Henderson v. Kendrick, 82 Fla. 110, 89 So. 635 (1921). In addition, it is held that a closing of a real estate deal merges all of the prior agreements concerning the sale into the new contract between the parties. See the general rule in St. Clair v. City Bank & Trust Co. of St. Petersburg, Fla. App. 1965, 175 So.2d 791. We must, therefore, decline to hold that the trial judge was required to grant the counterclaim for reformation of the mortgage.
The third question is whether the court erred in the amount of an attorney's fee and the procedure employed for its determination under the provisions of the note and mortgage. The record is devoid of any effort by either party to secure the reception by the court of testimony as to a proper fee. A supplemental record has been filed showing the submission of affidavits as a basis for the court's determination of a proper fee. Inasmuch as this procedure may be agreed upon by the parties to a mortgage foreclosure, we must assume that the court acted upon the agreement of counsel in this case. We, therefore, decline to reverse the award.
Affirmed.