407 So.2d 363 (1981)
ALPHA ELECTRIC SUPPLY, INC., a Florida Corporation, Appellant,
v.
DRAKE CONTRACTING, INC., a Florida Corporation, Appellee.
No. 81-458.
District Court of Appeal of Florida, Fifth District.
December 16, 1981.
*364 Scott R. McMillen and Usher L. Brown of Mateer, Harbert, Bechtel & Phalin, P.A., Orlando, for appellant.
Wayne C. McCall and Edwin C. Cluster of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellee.
ORFINGER, Judge.
Plaintiff appeals from a summary final judgment in favor of defendant in this action for breach of contract. We find that material issues of fact remain to be resolved, and we reverse.
Appellee, Drake Contracting, Inc. (Drake), was general contractor in the construction of a prison facility known as Baker County Correctional Institute, and appellant, Alpha Electric Supply, Inc. (Alpha), was the supplier of materials to Drake's electrical subcontractor, United Electric Company (United). Alpha was also doing business with United on other projects, and United owed Alpha several hundred thousand dollars. While still furnishing materials to the Baker County project, Alpha learned that United was "in trouble". This information was apparently known to Drake also.
On February 23, 1978, Drake and Alpha entered into the agreement which forms the basis for this controversy. In the agreement,[1] Drake agreed to "continue making any and all checks to United Electric Company on a joint basis with Alpha Electric Supply, Inc." In return, Alpha agreed that *365 it was relinquishing any lien rights it had in the project. There is no dispute that at the time this agreement was signed, Alpha was still supplying materials for the Baker County project.[2]
Alpha filed the instant action alleging: (1) a breach by Drake of the letter agreement of February 23, 1978; (2) a tort claim based on misrepresentations by Drake in inducing Alpha to waive its rights; and (3) a claim in quantum meruit. The trial court entered the summary judgment for Drake on these grounds: (1) that Alpha had not given the statutory notice and therefore had failed to perfect any lien it had, thus there was no consideration for the agreement; (2) even if the agreement was binding, Drake had issued joint checks to United and Alpha for the materials furnished by Alpha to the Baker County project and thus had fully performed; and (3) Alpha had not filed its suit within one year following completion of delivery of materials, thus under section 255.05(2), Florida Statutes (1977), the action was barred.
A contract must be supported by consideration and where a party has a bona fide belief that he has a legal right, forbearance to enforce that right may be consideration for an agreement. Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA 1976); City of Valparaiso v. Long, 141 So.2d 334 (Fla. 1st DCA 1962).
On motion for summary judgment, the moving part (appellee here) has the burden of proving absence of consideration even though at trial the burden might be on the other party to prove that there was consideration. Biro v. Geiser, 199 So.2d 461 (Fla. 1967). The burden of proving the complete absence of a triable issue of material fact is on the movant and the proof must be such as to overcome all reasonable inferences which could be drawn in favor of the opposing party. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
The agreement in question clearly states that it is a general release to Drake and that Alpha relinquishes all right to a claim of lien after final payment and retainage has been paid for the project by Drake. At the time Alpha signed this agreement, it did in fact have rights to a "lien" against the project because of United's non-payment. Alpha's president testified that at this time and later he sincerely believed that his company had such rights and that he could have sued at any point. This in itself is sufficient to create an issue on the question of consideration. Additionally, at the time the contract was signed, the right did exist because Alpha was still supplying materials and Alpha's subsequent failure to perfect its rights under section 255.05(2) could well be interpreted as performance by appellant of its promise.
Appellee says that the parties did not intend an immediate release of appellant's rights, but only a release after final draw and retainage was paid. However, appellant contends otherwise. At best, this dispute would require extrinsic evidence of the intention of the parties, thus precluding a summary judgment. Mathews Corp. v. Lutton Enterprises, Inc., 343 So.2d 902 (Fla. 4th DCA 1977).
The trial court held as a matter of law that if the agreement was valid, it was fully performed. Appellant contends that the agreement clearly and unequivocally says that any and all checks to United would be made jointly to Alpha. Drake contends that only payment for materials supplied by Alpha to United were to be made jointly to them. The record shows that United was indebted to Alpha for large sums over and above the amounts involved in the Baker project, and the interpretation given the agreement by Alpha can certainly be drawn from its language. Arguably, Drake's interpretation might also be drawn, but this presents an issue of fact, not to be decided by summary judgment. Mathews.
*366 Lastly, the trial court's holding that the action was barred by the one-year limitation of section 255.05(2), Florida Statutes (1977), is also incorrect because this action was not based on the statute, but on the written agreement between the parties as to which agreement the one-year limitation does not apply.
The summary final judgment is reversed, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] The portions of the letter agreement pertinent to the issues here, read:

Persuant [sic] to our various discussions relating to the referenced project, this letter is prepared for your records. As you know, Alpha Electric Supply, Inc. is supplying the electrical materials for this project. You are also aware that we have filed a Notice To Owner as of April 14, 1977, as required by Florida Statues [sic]. It was agreed some time ago that all draws paid to your subcontractor would be made jointly to United Electric Company and Alpha Electric Supply, Inc.
* * * * * *
Therefore, this letter is a general release to Drake Contracting, Inc. Alpha Electric Supply, Inc. herein relinquishes all right to a claim of lien on this project, or any kind or class of claim on this project, after the final payment and retainage has been paid for this project by the general contractor, Drake Contracting, Inc.
In the interim, and until all monthly draw requests for electrical sub-contract work has been made by United Electric Company, including the final draw request and retainage, Drake Contracting, Inc. agrees to continue making any and all checks to United Electric Company on a joint basis with Alpha Electric Supply, Inc. This agreement is hereby acknowledged by Drake Contracting, Inc. by execution of a copy of this letter as attached and its return to Alpha Electric Supply, Inc.
* * * * * *
[2] Thus, under section 255.05, Florida Statutes (1977), which required that a claimant not in privity with the contractor, give written notice to the contractor and the surety of performance and non-payment within 90 days after complete delivery of the materials or supplies, Alpha was still in a position to assert a claim against the general contractor and its surety.