417 So.2d 1179 (1982)
Sherman LEA, Appellant,
v.
Gary SUHL and Alvin Collins, Appellees.
No. 81-1941.
District Court of Appeal of Florida, Second District.
August 18, 1982.
*1180 Charles D. Waller of Waller & Hersch, Dade City, for appellant.
John B. Liebman of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellees.
RYDER, Acting Chief Judge.
Lea appeals from a judgment denying him recovery for default on a promissory note and granting damages on appellees' counterclaim for $3,409.75. We reverse.
Appellant Lea sued appellees Suhl and Collins, alleging default on a promissory note. Appellees asserted failure of consideration and counterclaimed for defective goods. Although no record was made of the proceedings below, the parties reconstructed the following facts pursuant to Florida Rule of Appellate Procedure 9.200(b)(3).
Lea testified that Gasco Corporation sold silage to Suhl's Dairy for an agreed price of $10,054.95. Lea testified that he was a creditor of Gasco, and Gasco assigned the Suhl's Dairy account to him in part satisfaction of its debt to Lea. Lea also testified that, subsequent to the assignment, he had negotiations with Suhl, general manager of Suhl's Dairy, and its accountant, appellee Collins, and as a result of those negotiations, Suhl and Collins agreed to sign a promissory note individually in return for Lea's promise not to sue the dairy for the amount due. Lea testified he had been paid $900.00 on the note.
Suhl testified that the dairy did receive the amount of silage for which the corporation was billed. He and Collins testified that they signed the note for the bill. Suhl further testified that 172 tons of the silage was defective and was worth $14.00 less than the agreed upon price of $22.00 per ton.
The court entered an order that appellant take nothing and that the appellees take $3,409.75 on their counterclaim.
We regret that the parties below did not elect to have the proceedings reported so that the record could be examined on appeal. We think that if a matter is important enough to the parties to necessitate the expense of litigation, it should also be important *1181 enough to expend funds for the presence of a court reporter. Such a record would prove valuable upon appeal.
However, the sparse record before us does contain competent substantial evidence to support the fact that appellees assumed the debt and signed the note in return for the forebearance of Lea to sue the dairy. Such was the "testimony" of Lea, and nothing in the "testimony" of appellees is contradictory. Forebearance to sue is sufficient consideration for a note. Alpha Electric Supply, Inc. v. Drake Contracting, Inc., 407 So.2d 363 (Fla. 5th DCA 1981); Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA), cert. denied, 341 So.2d 1086 (1976); City of Valpariso v. Long, 141 So.2d 334 (Fla. 1st DCA 1962). Additionally, appellees gave the note in payment of the dairy's antecedent obligation, rendering consideration unnecessary. Frank v. Intercontinental Bank of Miami Beach, 372 So.2d 543 (Fla. 3d DCA 1979). § 673.408, Florida Statutes (1979). We find no evidence in the record before us to support the lower court's order denying recovery and we thus reverse the order.
There is, likewise, no evidence to support the award of appellees' counterclaim of $3,409.75. The stipulated facts state that appellees made payments of $900.00 on the note. The uncontradicted testimony of Suhl also noted that 172 tons of the silage was defective, with a value of $22.00 less $14.00 per ton. The counterclaim thus only sought damages of $2,408.00 for defective silage. We hold that the facts support an award to appellees of $900.00 in payments made and $2,408.00 on a counterclaim, both to be set off from the face amount of the note.
The order below is REVERSED and the case REMANDED for entry of judgment for appellant on the note with a set-off for appellees of $3,308.00.
DANAHY and SCHOONOVER, JJ., concur.