429 So.2d 64 (1983)
Ira SHAY and Shalev Corporation, Appellants,
v.
FIRST FEDERAL OF MIAMI, INC., a Dissolved Corporation, and Canovest Corporation, N.V., a Foreign Corporation Not Qualified to Do Business in the State, Appellees.
No. 82-1678.
District Court of Appeal of Florida, Third District.
April 5, 1983.
*65 Jerry Kahn, Miami Beach, for appellants.
Murai, Wald, Biondo & Matthews and Joseph Matthews, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
Appellants, plaintiffs below, filed suit against appellees alleging breach of a contract to fund a trust which was to be created for the purpose of insuring that appellants' creditors would be paid. Appellees answered, including as one of their affirmative defenses a covenant not to sue provision in the contract. The trial court later granted appellees' motion for judgment on the pleadings on the basis of that provision. We affirm.
A motion for judgment on the pleadings, Rule 1.140(c), Florida Rules of Civil Procedure, is appropriate where the complaint fails to state a cause of action. It is similar to a motion to dismiss and raises only questions of law arising out of the pleadings. Venditti-Siravo, Inc. v. City of Hollywood, Florida, 418 So.2d 1251 (Fla. 4th DCA 1982). All material allegations of the opposing party's pleadings are taken as true, and all those of the movant which have been denied are taken as false. Krieger v. Ocean Properties, Ltd., 387 So.2d 1012 (Fla. 4th DCA 1980). The motion must be decided on the pleadings only, without reference to any other affidavits, depositions, or other showings of fact. A judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law. McKinzie v. Hollywood, Inc., 421 So.2d 606 (Fla. 4th DCA 1982).
In the instant case, the facts asserted in appellants' complaint and exhibits thereto (and therefore to be taken as true) are as follows: Ira Shay is a principal of Shalev, a Florida corporation. The corporation developed a multi-unit condominium project known as Regent Palace Condominium. The corporation experienced serious economic problems with the project in December, 1979 and faced bankruptcy. The appellees agreed to discharge certain of the project's liabilities, taking in return fee title to various unsold units in the project. Appellants executed general releases in favor of the appellees. In December, 1980, appellants asked for, and received, a certain amount of the profits generated from the sale of some of the units. Appellants again executed general releases. In May, 1981, appellants again requested certain of the profits, which request gave rise to the contract now in dispute. The contract was to be in full, complete, and final settlement of any alleged obligations between the parties. The contract provided, inter alia, for an assignment of two mortgages plus a transfer of a condominium unit from appellees to appellants. This transfer occurred approximately May, 1981. The contract also provided for the creation of a trust, funded by two notes and mortgages, to pay for taxes, liabilities, attorneys and accounting fees for the Regent Palace Condominium. Any money remaining after payment of the above listed items would be divided on a fifty per cent basis between appellants and appellees. The two notes and mortgages funding the trust were to be assigned on November 15, 1981. Appellants agreed, in a provision of the contract, that they would not sue the appellees in the period between the date the contract was signed and the date of the final disbursement of the proceeds of the trust called for in the contract. Before the mortgages were assigned and *66 the trust funded, a dispute arose over $7,312.85, an amount allegedly paid by appellees for appellants' share of costs incurred at the Regent Palace Condominium. The appellees drew up a trust agreement and tendered it to appellants on December 21, 1981. The agreement, however, contained a provision for the repayment of the disputed amount. Appellants refused to accept the agreement and filed suit in January, 1982.
The appellants contend in their brief on appeal that every element of a cause of action existed for the appellants to bring their claim into the lower court and that their complaint alleged the invasion of a legal right under a statute or the common law. For these reasons, they assert, the trial court erred when it granted appellees' motion for judgment on the pleadings.
The covenant not to sue provision of the contract states in relevant part:
"In addition, should either (a) Ruth Shay, [Ira] Shay, Jerry Kahn and/or Shalev ... . institute litigation against either First Federal, Canovest . .. . between now and the date of final disbursement of all proceeds as described in this Paragraph 3, then in such event [Ira] Shay's, Shalev's and Ruth Shay's and Jerry Kahn's rights to share in proceeds of the assets described in this Paragraph 3 shall forthwith terminate, and the Bank or Joint Trustees, as the case may be, shall reassign their interest in the notes and mortgages to Canovest."
Courts will enforce a contract when it is definite and certain as to its terms and obligations, Smith v. Smith, 375 So.2d 1138 (Fla. 3d DCA 1979), and when the intention of the contracting parties is clear. Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 302 So.2d 404 (Fla. 1974); McTeague v. Treibits, 388 So.2d 309 (Fla. 4th DCA 1980). Courts will allow the parties to waive certain privileges, Honea v. Walker Chemical & Exterminating Co., Inc., 393 So.2d 1210 (Fla. 5th DCA 1981) (venue), as long as such waiver is not against public policy, Huntley v. Alejandre, 139 So.2d 911 (Fla. 3d DCA 1962) (parties attempted to waive jurisdiction of all courts except those in Havana, Cuba). In the case sub judice, it is clear that the intention of the parties was that appellees would create and fund a trust for appellants and that in return, appellants would not file suit against the appellees for the duration of the trust.
It is well settled under Florida law that forbearance to enforce a legal right may be consideration for an agreement. Lea v. Suhl, 417 So.2d 1179 (Fla. 2d DCA 1982); Alpha Electric Supply, Inc. v. Drake Contracting, Inc., 407 So.2d 363 (Fla. 5th DCA 1981); Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA), cert. denied, 341 So.2d 1086 (Fla. 1976). Appellants may have stated a theoretical cause of action to the trial court, but in reality they waived the enforcement of that cause when they agreed to the covenant not to sue provision. The trial court did not err in giving effect to the plain language of the contract as agreed to by both parties.
Appellants also assert that the enforcement of the covenant not to sue provision was a denial of their right of access to the courts as guaranteed by Article I, Section 21 of the Florida Constitution. Appellants misapprehend the focus of that provision. Courts scrutinize carefully actions taken by the legislature which may place impermissible burdens on a complainant's access to the courts. Pinellas County Dept. Consumer Affairs v. Castle, 392 So.2d 1292 (Fla. 1980); Aldana v. Holub, 381 So.2d 231 (Fla. 1980); Overland Construction Co., Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979); Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974); Miami-Dade Water & Sewer Authority v. Cormio, 388 So.2d 1238 (Fla. 1st DCA 1980). Courts are also concerned when judicially created rules limit access to the courts. G.B.B. Investments, Inc. v. Hinterkopf, 343 So.2d 899 (Fla. 3d DCA 1977); Lehmann v. Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974). It is the official capacity to exercise power which subjects the actions of the legislature and the judiciary to strict scrutiny because of the potential for misuse. That potential misuse of *67 official authority is lacking when two private individuals sit down to negotiate a contract. The restrictions placed on appellants' access to the courts were of their own agreement and were not the result of legislative or judicial action. Thus, the trial court did not place an impermissible burden on appellants' right of access to the courts when it enforced the covenant not to sue provision of the contract.
Affirmed.
SCHWARTZ, Chief Judge (specially concurring).
I concur because, in my view, the "no-suit" clause renders the contract itself a nullity. It follows that it is ineffective and unenforceable by either party. For that reason, the action was properly dismissed below.