ORFINGER, Chief Judge.
The plaintiff-appellant Southeastern Municipal Supply Company appeals from a summary judgment entered against it below on motion of appellee. Suit was brought by Southeastern against the appel- *754 lee Citizen’s First National Bank of Citrus County (Citizen’s-Citrus) for negligence and for breach of its good faith duties in honoring a check allegedly issued to two payees, but endorsed and deposited by only one of them. Finding that issues of fact exist, we reverse.
Construed in the light most favorable to the non-moving party (Southeastern), the record reveals these facts. Southeastern was the materials supplier to Citrus Mechanical, Inc., a subcontractor on a construction job. Because of prior arrangements with the general contractor for materials furnished by Southeastern to the job, checks were made jointly to Southeastern and Citrus Mechanical. Two checks issued prior to the check in question here had been endorsed by both Southeastern and Citrus Mechanical. The check in dispute here was issued to “Citrus Mechanial [sic] & Southeastern Municipal Supply Co.”, endorsed only by Citrus Mechanical and deposited to Citrus Mechanical’s account in appellee bank. Southeastern contends that the acceptance of this check for $46,645.47 by appellee bank with only one endorsement makes the bank liable to appellant.
The trial court entered summary judgment in favor of Citizen’s-Citrus, holding that the subject check was payable to only one payee, Citrus Mechanical, Inc.” on its rubber-stamp endorsement “for deposit only, Citrus Mechanical, Inc.” The court’s holding was based upon Fla.Stat. §§ 673.-405 [1] and 673.203[2] inasmuch as the court determined that the named payee was an imposter or a wrong or misspelled name. As a result, the court found that the action was not controlled by Fla.Stat. § 673.116 (1981),[3] requiring that checks made jointly payable to two or more parties be endorsed by each party prior to payment.
Construed most strongly in favor of the non-moving party (Southeastern), the facts do not support the trial court’s conclusion. The imposter statute, Fla.Stat. § 673.405, does not apply sub judice. There is no showing that an imposter induced the issuance of the check; that the maker intended the payee to have no interest in the check or that a name had been supplied to the maker with the intent that such payee have no interest. Neither is § 673.203 applicable in that there was no showing that the check had been made payable to a wrong or misspelled payee. To the contrary, because Citizen’s-Citrus had the name of its own depositor on file, it can be presumed that it was on notice with regard to any variation in that name. The corporate name appearing on the bank’s records is “Citrus Mechanical, Inc.” Thus, it is a question of fact as to whether the check payable to “Citrus Mechanial [sic] & Southeastern Municipal Supply Co.” appears to be made out to two payees or one. The burden of proving the complete absence of a triable issue of material fact is on the mov-ant, and the proof must be such as to overcome all reasonable inferences which could *755 be drawn in favor of the opposing party. Landers v. Milton, 370 So.2d 368 (Fla.1979); Alpha Electric Supply, Inc. v. Drake Contracting Co., Inc., 407 So.2d 363 (Fla. 5th DCA 1981). If §§ 673.203 and 673.405 are not applicable sub judice, then Citizen’s-Citrus has not met its burden of establishing that the check was made payable to a single payee, Citrus Mechanical, Inc., and not joint payees. As a genuine issue of material fact does exist, the summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.

. § 673.405, Fla.Stat. (1981):
Imposters; signature in name of payee.—
(1) An indorsement by any person in the name of a named payee is effective if:
(a) An imposter by use of the mails or otherwise has induced the maker or drawer to issue the instrument to him or his confederate in the name of the payee; or
(b) A person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument; or
(c) An agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.
(2) Nothing in this section shall affect the criminal or civil liability of the person so indorsing.

. § 673.203, Fla.Stat. (1981):
Wrong or misspelled name. — Where an instrument is made payable to a person under a misspelled name or one other than his own he may indorse in that name or his own or both; but signature in both names may be required by a person paying or giving value for the instrument.

. Section 673.116, Florida Statutes, provides:
An instrument payable to the order of two or more persons:
(1) If in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(2) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.