NESBITT, Judge.
We reverse the final summary judgment in favor of appellees on a finding that they failed to meet their burden of conclusively establishing the lack of genuine issues of material fact with regard to: (a) when Rohrback knew or should have known of his right to a cause of action so as to trigger the running of the statute of limitations, Rosen v. Sparber, 369 So.2d 960 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 76 (Fla.1979); (b) whether they (ap-pellee;s) lacked knowledge of Rohrback’s intention to assert his rights and whether they were prejudiced by his delay in bringing suit, Van Meter v. Kelsey, 91 So.2d 327 (Fla.1956); (c) whether the alleged oral agreement was supported by consideration, Alpha Electric Supply, Inc. v. Drake Contracting, Inc., 407 So.2d 363 (Fla. 5th DCA 1981); Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA), cert. denied, 341 So.2d 1086 (Fla.1976); (d) whether the statute of frauds applied,[1] see Av-Med, Inc. v. French, 458 So.2d 67 (Fla. 3d DCA 1984) (complete performance by a party removes oral contract from the operation of the statute of frauds); United of Omaha Life Insurance Co. v. Nob Hill Associates, 450 So.2d 536 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla.1984) (party may be es-topped from raising statute of frauds as a defense); Dobbs v. Gorlitz, 443 So.2d 1068 (Fla. 3d DCA 1984) (issue of fact on question of whether oral promise was to be performed within a year precludes summary judgment); and (e) whether there was consideration for the assignment of Rohr-baek’s right, title and interest in the partnership and whether the assignment was procured by fraud,[2] Ton-Will Enterprises, Inc. v. T & J Losurdo, Inc., 440 So.2d 621 (Fla. 2d DCA 1983).
We find, in addition, that the alleged agreement was not a sale of personal property for purposes of section 671.206(1), Florida Statutes (1983).[3] The agreement provided that the appellees would preserve Rohrback’s partnership interest from loss through foreclosure in return for Rohr-back’s continued services and forbearance from suit. Even if the agreement required the paper transfer of an interest from ap-pellees to Rohrback, the agreement was not a contract for the sale of personal property.[4] Cf. Stone v. Krylon, Inc., 141 *835 F.Supp. 785 (E.D.Pa.1956) (oral agreement to provide plaintiff with an exclusive distributorship in return for his services in developing a product is a contract of employment and not a sale subject to the statute of frauds); Baldassare v. Singer, 444 Pa. 100, 282 A.2d 262 (1971) (plaintiffs agreement to work for defendant in exchange for stock not a sale subject to the statute of frauds).
Reversed.

. The statute of frauds does not operate to bar Rohrback’s quantum meruit and fraud actions. See Hiatt v. Vaughn, 430 So.2d 597, 598 n. 2 (Fla. 4th DCA 1983) (claim for quantum meruit not subject to the statute of frauds); Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983) (reversing dismissal of fraud count which was based on statute of frauds).

. We note that if there was consideration for the assignment and it was not fraudulently obtained, then Rohrback is entitled to no relief on his breach of contract count.

. 671.206 Statute of frauds for kinds of personal property not otherwise covered.—
(1) Except in the cases described in subsection (2) of this section a contract for the sale of personal property is not enforceable by way of action or defense beyond $5,000 in amount or value of remedy unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent.

.We leave for decision in a future case the question of whether the transfer of a partnership interest for a price, as opposed to services, constitutes a sale of personal property. See *835 §§ 620.18, 671.206(1), 672.106(1), Fla.Stats. (1983).