470 So.2d 25 (1985)
CITY OF CAPE CORAL, a Florida Municipal Corporation, Appellant,
v.
LANDAHL, BROWN & WEED ASSOCIATES, INC., a Virginia Corporation, Appellee.
No. 84-2240.
District Court of Appeal of Florida, Second District.
May 8, 1985.
Rehearing Denied June 7, 1985.
*26 Richard V.S. Roosa of Aloia, Dudley, Roosa, Cottrell, Sutton & McIver, Cape Coral, for appellant.
Edward D. Bunn, Bailey's Crossroads, for appellee.
CAMPBELL, Judge.
Appellant, City of Cape Coral, appeals a final judgment which awarded damages of $266,254 to appellee, growing out of the allegations of its fourth amended third party complaint. The record we have is pitifully meager and the issues raised on this appeal do not really address the most glaring defects in appellee's attempts to state a viable cause of action against appellant. Nevertheless, we conclude the judgment for appellee must be reversed and, on remand, a judgment for appellant shall be entered. We are, to say the least, appalled that the principles of law that require this result are barely touched on in the briefs or in the record below.
The original action below began as a mechanic's lien action by a contractor against appellee for work performed and materials furnished on a development project that had been undertaken by appellee. The original mechanic's lien complaint sought $7,948.50 in damages for unpaid labor and materials. The development project which appellee was pursuing involved several high rise buildings on sites for which appellant had issued building permits. During the initial phases of construction, it was necessary for appellant to issue several extensions of the building permits. Eventually, the permits were revoked and the project apparently abandoned. No action based on equitable estoppel was ever pursued by appellee in an attempt to salvage the building permits. Apparently, prior to the revocation of the permits, there had been changes in the applicable building code which prevented the development project, at least as originally envisioned. No actions or appeals concerning those building code changes appear to have been pursued.
In its various third party complaints, appellee joined appellant in the action seeking indemnity for any damages it might owe the mechanic's lien complainant and $10,000,000 in damages for revocation of the building permits and the subsequent failure of the construction project. Ultimately, the mechanic's lien complainant and appellee entered into a joint motion for dismissal of that action leaving only the third party actions against appellant.
The third party action went to jury trial as a result of appellee's fourth amended third party complaint. Appellant filed various motions to dismiss directed to the various third party complaints. Finally, after the dismissal of the original mechanic's lien action, appellant filed a motion for a judgment on the pleadings. It was at this point, if not before, that the trial judge *27 should have entered judgment for appellant.
It also appears that a motion to dismiss with prejudice should also have earlier been granted. However, we are not sure, because of the meager record, that the proper grounds were presented to the trial judge to support the motions to dismiss. Be that as it may, on the motion for judgment of the pleadings, it should have been clear that there was a failure to state a proper cause of action against the municipal appellant. Fla.R.Civ.P. 1.140(h)(2). Appellant was clearly entitled to a judgment as a matter of law and the motion for judgment on the pleadings should have been granted. Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983). Appellee's fourth amended third party complaint attempts to state a cause of action against appellant in some seven counts, none of which will support a claim for damages against this municipal appellant. All of the claims seek damages growing out of the revocation of building permits.
First of all, there is no cause of action for the manner in which a municipality exercises its governmental function of issuing or refusing to issue permits. Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). Thus, those actions of a municipality are immune from an action for damages. That is not to say, however, that a party does not have a right to relief from the wrongful refusal or revocation of a building permit. That cause of action is limited though to an action to acquire or retain the permit on the grounds of equitable estoppel. Town of Largo v. Imperial Homes Corporation, 309 So.2d 571 (Fla. 2d DCA 1975).
We, therefore, reverse the judgment entered for appellee in the trial court below, remand and direct entry of a judgment for appellant.
OTT, A.C.J., and HALL, J., concur.