PER CURIAM.
This is a mortgage foreclosure action wherein an appeal is taken from the trial court’s order granting former defense counsel’s Motion for Judgment on the Pleadings and the entry of a Summary Final Judgment as to former defense counsel’s petition to impose a charging lien upon the proceeds of an alleged “refinancing”.
The appellant argues that it was error for the trial court to enter a Judgment on the Pleadings which reflects, on its face, that the trial court considered affidavits in determining that the judgment should be entered, rather than looking solely to the pleadings in making that determination. See Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983).
In addition, appellant argues that the Summary Judgment is based on findings as to which genuine issues of material fact exist, to-wit: (a) was there a “refinancing” [1] of the North Carolina property, which would entitle the defendant’s former attorneys to a $50,000 “additional fee” pursuant to the terms of the March 25, 1986, Fee Agreement; and (b) were the defendant’s former attorneys paid their $25,000 “guaranteed minimum fee” by virtue of having the North Carolina property (known as “Lot 39”) conveyed to them? See Moore v. Morris, 475 So.2d 666 (Fla.1985).
We find that the arguments of appellant are well taken. Accordingly, the Final Judgment in this cause is vacated and this cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.

. While we note that the “Notice of Lien for Attorneys’ Fees”, executed April 4, 1986, provides that the attorneys’ fees are to be paid on the date of "... sale, financing or re-financing ...”, the Fee Agreement, executed on March 25, 1986, (which is the basis of the attorneys’ claim for the $50,000 additional fee) uses somewhat different phraseology in indicating that the said additional fee would be paid from the closing proceeds "... of a sale or refinancing.” By referring only to "a sale or refinancing” (with no mention of a "financing”), the March 25, 1986, Fee Agreement appears to use language which is more limiting than the language used in the April 4, 1986 "Notice of Lien for Attorneys’ Fees” which includes the additional word "financing”.