574 So.2d 1190 (1991)
CITIBANK INTERNATIONAL, Appellant,
v.
Diane V. MERCOGLIANO, Appellee.
Nos. 90-953, 90-382.
District Court of Appeal of Florida, Third District.
February 12, 1991.
Rehearing Denied March 14, 1991.
*1191 Shutts & Bowen, and Pamela J. Reynolds, Miami, for appellant.
Truman A. Skinner, Miami, for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
LEVY, Judge.
Citibank International appeals an adverse summary judgment in its foreclosure action which involved a note and mortgage executed by appellee, Diane V. Mercogliano, as a payback for funds which had been embezzled from Citibank by a friend of Mercogliano. Mercogliano had purchased a home using, in part, embezzled funds in the form of a check made payable directly to the seller for the sum of $70,987.93. The check was a Citibank manager's check, endorsed by one Elmer Figueroa, who was an officer of Citibank and a friend of Mercogliano. The check represented funds which had been embezzled from Citibank by Figueroa.
Citibank eventually traced the funds, and contacted Mercogliano to notify her of the embezzlement and to discuss payback of the funds. Mercogliano executed a promissory note and second mortgage on her property, in favor of Citibank, stating that she felt a moral obligation to pay back the money. In consideration for the note and mortgage, Citibank stopped its investigation regarding the embezzlement as it pertained to Mercogliano and, furthermore, did not pursue any civil legal remedy against her.
Thereafter, Mercogliano defaulted on the note and Citibank filed a foreclosure action. Mercogliano answered and claimed the affirmative defense of lack of consideration. She also counterclaimed for rescission under the Federal Truth in Lending Act and Regulation Z. The trial court entered summary judgment in favor of Mercogliano, both on the foreclosure action and on her counterclaim for rescission, and awarded her attorney's fees and costs pursuant to her claim under the Federal Truth in Lending Act.
Because there was forbearance by Citibank in connection with Mercogliano, we find that the trial court erred in ruling that there was a lack of consideration sufficient to enforce the promissory note and mortgage. It is well settled Florida law that forbearance from pursuing a legal remedy, where the promisee has a bona fide belief that a viable legal right exists, constitutes valid consideration for an agreement which benefits the promisor. Henderson v. Kendrick, 82 Fla. 110, 89 So. 635 (1921); Matey v. Pruitt, 510 So.2d 351 (Fla. 2d DCA 1987), rev. denied, 518 So.2d 1276 (Fla. 1987) and 520 So.2d 585 (Fla. 1988); Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983); Lea v. Suhl, 417 So.2d 1179 (Fla. 2d DCA 1982); Alpha Electric Supply, Inc. v. Drake Contracting, Inc., 407 So.2d 363 (Fla. 5th DCA 1981); Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1086 (Fla. 1976); City of Valparaiso v. Long, 141 So.2d 334 (Fla. 1st DCA 1962). Even if the legal right is of doubtful validity, it can still constitute valid consideration sufficient to support a contract or promise where the promisee has a bona fide belief of a fair chance of success in the lawsuit. Henderson v. Kendrick, 82 Fla. at 110, 89 So. at 635. Furthermore, it is not necessary that the forbearance be promised or mentioned expressly in the language of the agreement. Boymer v. Birmelin, 227 So.2d 358 (Fla. 3d DCA 1969). As this Court stated in Boymer v. Birmelin, 227 So.2d at 362:
It is well recognized that forbearance to enforce a legal right may constitute consideration for a promise. It is not required that the forbearance be provided for in express language or terms. This is so because a request by the promisor or undertaking by the promisee to forebear may be implied from conduct of the parties and the nature of the transaction. Consideration is supplied when the circumstances are such that it is reasonable to infer that forbearance was desired and sought by the promisor and forbearance by the promisee follows.
*1192 In the present case, it can be implied from the conduct of the parties and the nature of the circumstances that Citibank, as well as Mercogliano herself, had a good faith belief that there was a viable claim against Mercogliano which could be pursued by Citibank if Mercogliano did not execute the subject documents. At the least, Citibank had a colorable claim against Mercogliano under the theory of constructive trust.[1] Accordingly, we find that there was forbearance on the part of Citibank. Thus, the mortgage and note were valid and the bank is entitled to proceed to foreclose on the mortgage based upon Mercogliano's default.
As to that part of the summary judgment obtained by Mercogliano relating to her counterclaim for rescission under Regulation Z, we find that, in view of the facts of this case, particularly regarding the timing and sequence of events that occurred in this case, Regulation Z of the Federal Truth in Lending Act was rendered inapplicable. Thus, the court incorrectly held that Citibank violated the disclosure requirements of Regulation Z. As a result, the award of attorneys fees under the Act was improper.
Accordingly, we reverse the entry of summary judgment in Mercogliano's favor both on the foreclosure action and her counterclaim for rescission, and reverse the award of attorneys fees and costs. The bank is entitled to proceed with its foreclosure action.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] A constructive trust can be impressed on property where the property was financed with money directly traceable to embezzled funds and where there was no consideration for the receipt of those funds. See In Re Mart, 106 B.R. 309 (Bkrtcy.S.D.Fla. 1989).