**LULA RIMES HALL v. T. O. DUVALL**

24 So. (2nd) 106                                June Term, 1945
November 13, 1945                                Division A
Rehearing denied January 10, 1946

*Walter Warren,* for Petitioner.

*T. G. Futch, T. G. Futch, Jr.,* and *J. W. Hunter,* for respondent.

ADAMS, J.:

T. O. Duval filed a bill to rescind and set aside a deed, and alleged:

"That heretofore, during the year 1939, or thereabout, a large number of properties in the City of Leesburg, Lake County, Florida, were subjected to foreclosure proceedings for the purpose of collecting delinquent and unpaid tax liens due the City of Leesburg, Florida; that the prosecution of said foreclosure proceedings resulted in the vesting of title to many of such parcels of land in the said City of Leesburg, Florida, and that thereafter such properties were levied upon pursuant to an execution issued out of the District of Court of the United States of America, against said City of Leesburg, Florida, and said properties were thereafter sold to satisfy such execution; that the property involved in this proceeding was among the properties so levied upon and sold; that at the sale so held by the U. S. Marshal's sale the property herein involved was purchased by one C. A. Porter and was thereafter conveyed by the said C. A. Porter to the plaintiff herein; that it had been the policy of the said C. A. Porter and which policy was continued by your plaintiff, to convey such properties bought pursuant to the said U. S. Marshal's sale to the person or persons who had lost title through foreclosure by the City as aforesaid and later sold by the said U. S. Marshal, for a nominal consideration in many instances less than the taxes and liens which had been foreclosed against such property; that the defendant Lula Rimes Hall, represented to the counsel for plaintiff, P. C. Gorman, who was acting as agent for plaintiff and the said C. A. Porter, that the property known and described as, to-wit: 'Lot 4 Block "F" of Jackson's Newtown Addition to the City of Leesburg, Florida, according to the official Plat thereof as recorded in the office of the Clerk of the Circuit Court in and for Lake County, Florida,' was in fact her home; that she was living on the property and that she was sick and in distress and without means to pay for said property except by small monthly payments; that she wanted the property back; that the said P. C. Gorman, acting as agent for this plaintiff agreed to sell said property aforesaid to

the defendant because of the representations so made by the defendant for the nominal sum of $50.00, believing in fact and in truth that the said property was the home of the said defendant as she had so represented to him; that the agreement to sell the property to the defendant was made in 1940 on or about the 15th day of August and she, the said defendant made the following payments:

| | |
|---|---|
| "August 15, 1940 | $ 1.00 |
| November 12, 1940 | 1.00 |
| January 9, 1941 | 1.00 |
| June 30, 1941 | 1.00 |
| July 12, 1941 | 1.00 |
| Sept. 16, 1941 | 2.00 |
| October 3, 1941 | 2.00 |
| April 17, 1943 | 5.00 |
| February 17, 1944 | 2.00 |
| May 16, 1914 | 17.00 |
| Nov. 10, 1944 | 8.50 |
| January 2, 1945 | 8.50 |
| | $50.00 |
| For taxes 1940 through 1943 | 11.34 |
| For taxes 1944 | 9.60 |
| Total paid by Lula Rimes Hall | $70.94 |

and that the said defendant thereupon received the agreed deed of conveyance to said above identified property from your plaintiff;

"2. That during all the time which the payments were being made by the said defendant to the plaintiff, through his agent and Attorney P. C. Gorman, they believed the said defendant to be living upon said property as her home as she had represented to the said Attorney and Agent of the plaintiff; that plaintiff has learned since the delivery of said deed as aforesaid, that the said defendant had never owned said property and had never lived upon or occupied said property as her home; that there were_____houses on said lot, all being rented by the said defendant and bringing her a

rental of at least $18.00 dollars per week; that the said defendant, after making her representations as aforesaid (that said property was her home, etc.) took possession of said property and the houses located thereon and collected the rents thereon.

"3.    That the said defendant was without any right, title, interest, claim or demand in and to said property and had never occupied the said property as her home; that all the representations by her made to this plaintiff's Agent and Attorney P. C. Gorman, were made with the purpose and design of securing said property without the payment of the value of said property and were made with the intent, design and purpose of defrauding the plaintiff of the rents on said houses located upon said property and all of the reprehentations so made were known to the said defendant to be without truth or foundation in fact but were made with the intent, design and purpose of securing a conveyance of said property and to her unjust, unlawful and fraudulent enrichment.

"4.    That plaintiff, after the payment of the agreed purchase price by the defendant and without any knowledge of any of the misrepresentations of the defendant hereinbefore referred to, did make, execute and deliver his deed of conveyance to said property conveying said parcel of land described and identified in paragraph One of this Bill of Complaint to the defendant Lula Rimes Hall which said deed was duly recorded in the office of the Clerk of the Circuit Court in and for Lake County, Florida, and recorded in the Deed Book No. 277, page 177 thereof, a certified copy of which said deed is attached hereto marked 'Exhibit A'; that this plaintiff purchased a great number of parcels of land in and about the City of Leesburg, Florida, as investments and had simply, as a matter of good faith and equity had adopted a policy of re-conveying the home property of any person who had been, by circumstance, ignorance or misfortune deprived of or lost title to their said homes; that this policy was generally known in and around the said City of Leesburg, Florida, and plaintiff believes was known to the said defendant and relied upon by the said defendant in order to accomplish her design of ob-

taining title to said property and to deprive this plaintiff of the rents, and profits arising from the rental of the houses located thereon and the actual value of the property itself; that plaintiff had paid this Court the sums heretofore received by him, through his agent, and as itemized in paragraph one of this Bill of Complaint, to be held by this Court pending the final determination of this cause."

Defendant moved to dismiss the bill for want of equity. The motion was denied and she seeks review by certiorari under Rule 34.

The parties were sui juris and were dealing at arm's length. Each had full opportunity to inspect the property and the law implied notice of the public records. In addition, when we consider the elapse of time while the payments were being made, we are unable to see how the respondent could now be heard to complain. The bill fails to charge the elements of fraud to entitle him to relief. See Glass et al. v. Craig, et al., 83 Fla. 408, 91 So. 332; Hancoy Holding Company v. Lambright, 101 Fla. 128, 133 So. 631; Sapp, et al., v. Warner, et al., 105 Fla. 245, 141 So. 124.

The writ is granted and the order of the lower court is quashed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.