In re Gilbert MART, Debtor.

**CHICAGO TITLE INSURANCE COMPANY, Plaintiff,**

v.

**Gilbert MART, Defendant.**

**Bankruptcy No. 87–04526–BKC–TCB.**
**Adv. No. 88–0144–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 24, 1988.

---

See also, Bkrtcy., 88 B.R. 436.

Robert L. Jennings, Holland & Knight, Ft. Lauderdale, Fla., for plaintiff.

Robert L. Roth, Miami, Fla., for defendant.

William Roemelmeyer, Miami Shores, Fla., Trustee.

Steven Friedman, Miami, Fla., for Trustee.

### MEMORANDUM DECISION AS TO COUNT 1

THOMAS C. BRITTON, Chief Judge.

The complaint seeks denial of discharge under five subsections of 11 U.S.C. § 727. Alternatively, it seeks exception from discharge under three subsections of § 523. Additionally, it objects to the debtor's claimed exemptions.

At trial and without objection, exception from discharge (count 1) was deferred (CP 14), because it would have been mooted by denial of discharge. However, plaintiff failed at the trial held April 28 and May 12 to establish any basis for denial of the debtor's discharge (CP 27, 28). Therefore, count 1 was tried on July 21. This decision relates solely to that count.

### *The Complaint*

Count 1 invokes § 523(a)(2) false representation or actual fraud, (4) fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and (6) willful and malicious injury to the plaintiff's prop-

erty, in connection with loans made by four banks (¶¶ 16, 17 and 18) to Beacon 21 Development Corporation (¶¶ 9, 10).

Though fraud must be pleaded with particularity (B.R. 7009), neither count 1 nor the remaining 31 paragraphs of the complaint make it possible to pinpoint the fraudulent, criminal or willful and malicious act or acts of the debtor upon which plaintiff relies.

The debtor moved for dismissal or a more definite statement. (CP 6).[1] Two weeks later and on the morning of the original trial, plaintiff filed a response and six pages of additional narrative. (CP 13). Because it came after the deadline for such complaints (discussed below) and too late to be of any value to defendant, that "amendment" was refused. (CP 27 at 2).

At the start of the continued trial on July 21, I tried unsuccessfully through 55 pages of dialogue with plaintiff's counsel to identify the acts of the debtor which plaintiff intended to rely upon, and to relate these acts to the complaint.

After the trial, I requested a brief from plaintiff relating its proof to specific actions identified in the complaint. Plaintiff's brief fails to do so and I remain unable to pinpoint a single act or acts related to § 523 and identified with any degree of particularity in the complaint.

Put another way, if this complaint alleges any ground for relief under § 523, there is no limit to the instances or circumstances plaintiff may prove and argue as proving that ground. No defendant should be required to defend such a case under the applicable rules.

It is plaintiff's position that the concept of federal notice pleading eliminates the need to do more than paraphrase the statute, flood defendant and the court with general accusations, and after trial amend its complaint to conform to its proof. (CP 13 at 2–3). I disagree. Compare Official

Form 13 accompanying Rule 9(b), Fed.R. Civ.P., made applicable here by B.R. 7009.

As is pointed out in *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985):

"[The] clear intent [of Rule 9(b) ] is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed."

There is a mandatory deadline for the filing of complaints under § 523(a)(2), (4) and (6). B.R. 4004. The deadline in this case was April 15, 1988, a month after this complaint was filed and two weeks before this trial. The Rule prohibits any extension of the deadline by this court not requested before its expiration.

The expiration before trial of the mandatory deadline necessarily restricts the discretion granted under Fed.R.Civ.P. 15(b), incorporated by B.R. 7015, to permit pleading amendments or post-trial amendments to conform to proof (neither of which were requested in this case). Any other conclusion would vitiate B.R. 4004. *Chaudhry v. Ksenzowski (Matter of Ksenzowski)*, 56 B.R. 819, 829–30 (Bankr.E.D.N.Y.1985) (collecting the decisions on this point); 4 *Collier on Bankruptcy* (15th Ed.1988) ¶ 727.14[4].

In an analogous conflict between the provisions of two other Rules, the Supreme Court recently held:

"We believe that the mandatory nature of the time limits contained in Rule 4 would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal. Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the rules do not grant courts the latter power, we hold that the rules likewise withhold the former. *Torres v. Oakland Scavenger Co.*, ——

---

1. Defendant set this motion to be heard the morning of trial (CP 7). To avoid delay, the debtor then filed an answer (CP 9), expressly reserving its motion that the complaint failed to state a claim upon which relief can be granted (¶ 6). Because the trial of count 1 was deferred, ruling was made only with respect to the remaining two counts. That ruling, announced before trial, is repeated in an Order on Pleadings. (CP 14).

U.S. ——, 108 S.Ct. 2405, 2408 [101 L.Ed. 2d 285] (1988).

When there is no pleading deadline, the purpose of Rule 9(b) may be served by requiring or permitting a more definite statement. However, where the mandatory deadline for the statement of the claim has expired and this court is prohibited by Rule 4004 from extending that deadline, permitting amendment would evade that rule and exceed this court's discretion. It would also permit this plaintiff to defeat the purpose of Rule 9(b) by completely ignoring it as plaintiff did in this case.

For the foregoing reasons, I ruled (CP 14) when this trial began on April 28 that consideration of plaintiff's proof would be limited to the grounds specifically alleged within its timely 12–page complaint (CP 1). That ruling was repeated at the adjourned trial of count 1 (CP 44 at 67).

I now grant defendant's motion to dismiss count 1 on the ground that plaintiff has failed to state a ground for exception from discharge. To do otherwise in this case would permit plaintiff to completely evade both the letter and the purpose of Rules 4004 and 7009 and would shift to defendant the burden of proving a negative, that he had not been guilty of misrepresentation, fraud or willful and malicious conduct.

Alternatively, in the following paragraphs I find that plaintiff's proof (irrespective of its pleading) fails to warrant exception from discharge under either § 523(a)(2), (4) or (6).

*Plaintiff's Proof Under § 523(a)(2)*

In its post-trial memorandum (CP 43 at 7–12), plaintiff argues nine "misrepresentations" by the debtor in separate but unnumbered paragraphs, the last of which was a May 1, 1986 financial statement given to limited partners of Riverside Shoppes, Ltd.[2] Plaintiff concedes that this last statement "came after any extensions or renewals of credit" (at 12). It cannot,

therefore, be a predicate for exception under § 523(a)(2), (4) or (6).

Of the remaining eight, all but the sixth (oral statement at January 1986 meeting with American Pioneer Bank), primarily involve written assertions or warranties of title to real property signed by the debtor and given to banks in connection with loans to entities of which the debtor was an officer, director and shareholder.

The background of these transactions is stated in the Memorandum Decision (CP 27 at 2) following the original trial.

I find that in all title representations the debtor relied upon the false and fraudulent advice and assurances given him by his son who was his attorney and who generally prepared the papers signed by debtor. I also find that the debtor had no knowledge that the documents were false, had no actual intent to deceive anyone, and that his reliance at that time upon his attorney/son was neither unreasonable nor negligent.

It is significant that at this same time, plaintiff was also relying upon the same attorney as its authorized issuing agent for title insurance policies. The debtor was virtually wiped out by his son's fraud. The circumstances of the fraud were such that it could not escape prompt detection. It is inconceivable that the debtor knowingly planned, participated in or permitted his own inevitable and complete economic destruction.

In no instance did the recipient of the assertion or warranty of title in fact rely upon this debtor's representation. Each relied on the plaintiff's title binder. The debtor did nothing to prevent any recipient from verifying the actual title.

It has long been axiomatic that as between parties who are sui juris, "the law implie[s] notice of the public records". *Hall v. Duvall*, 24 So.2d 106, 108 (Fla.1946) (complaint alleging fraudulent misrepresentation of title dismissed); *Applefield v. Commercial Standard Ins. Co.*, 176 So.2d

2. Misrepresentations are the essential ingredient to either § 523(a)(2)(A) or (B). I presume, therefore, that for the purposes of these subsec- tions, plaintiff is willing to stand or fall on these nine loosely stated paragraphs.

366, 377 (Fla.Dist.Ct.App.1965), *cert. denied*, 183 So.2d 209 (purchaser of mortgages not justified in relying upon seller's affidavit they were first mortgages). In *Applefield*, the court said:

> "Where the means of knowledge are equally available to both parties, one disregarding them will not be heard to say that he was deceived by the other's misrepresentations.[1] Thus a misrepresentation as to matters that can be ascertained by an examination of public records is not ordinarily ground for relief."

The sixth and only remaining misrepresentation argued by plaintiff was debtor's statement to representatives of American Pioneer Bank after default upon its loan that:

> "Gil Mart represented that he would be taking over."

> .   .   .   .   .

> "Q  So, in fact, Gil Mart did take over the project?
> A  He may have been running the project, but he did not see that we were paid for units that were sold, as he said very specifically that he would do." (CP 44 at 90, 92).

It is also axiomatic that:

> "The misrepresentation must be about a present or past fact rather than a future fact." *Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir.1984) (applying Florida law on fraud).

It is plaintiff's burden to prove exception from discharge "by clear and convincing evidence." *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986). Plaintiff has not done so.

I find no false pretense, false representation, or actual fraud by the debtor and I find no use of a materially false written statement on which a lender reasonably relied that the debtor caused to be made or published with intent to deceive.

Plaintiff has failed to prove any basis for relief under § 523(a)(2)(A) or (B).

### *Plaintiff's Proof Under § 523(a)(4) and (6)*

The allegations in the complaint which invoke § 523(a)(4) and (6) are allegedly based upon the same conduct plaintiff relied upon under § 523(a)(2). (¶¶ 17, 18).

I find no fraud or defalcation by the debtor while acting in a fiduciary capacity, no embezzlement and no larceny. If the debtor directly or indirectly derived any benefit from any of the funds misappropriated by his son, he did so unwittingly and the benefit was transitory. There was no intent to appropriate anyone's property to his own use. He has neither been convicted of nor charged with any crime. Plaintiff has failed to prove any basis for relief under § 523(a)(4).

Finally, I find no willful or malicious injury by the debtor to the property of anyone. Plaintiff has failed to prove any basis for relief under § 523(a)(6).

### *Conclusion*

As is required by B.R. 9021(a), a separate judgment will be entered dismissing count 1 with prejudice. Costs may be taxed on motion.