COBB, Judge.
This appeal arises from a final judgment entered by the trial court against Ash Chemical, Inc. in its action against the City of Kissimmee, seeking eviction and unpaid rent on premises which the City, as receiver, has occupied and used to operate a private utility servicing a subdivision in Osceola County, Florida. As receiver, the City was required, among other things, to “charge, collect and receive the payments and any other monies arising from the operation of the Kings Point Water and Sewer Systems and expend those monies as necessary for the operation, management and control of the systems.”
The City was appointed receiver of the utility in April, 1991, after the latter failed to correct a number of violations as determined by the Department of Environmental Regulation. Kings Point was leasing the real property upon which it had been operating the private utility. The lease of the utility property called for Kings Point to pay $1,800 per month to the lessor. At the time the City’s receivership was instituted, the title holder of record of the realty upon which the utility was being operated by Kings Point was one William R. Wright, trustee. Subsequent to’ the appointment of the City as receiver in April, a deed was recorded on May 24, 1991, purportedly transferring title to the real property from Wright to Ash Chemical. The deed was dated in 1988 but referred to the 1990 lease from Wright to Kings Point.
In 1995, Ash Chemical, as the alleged successor owner (and lessor)- of the property,' moved to intervene in the receivership action. Ash Chemical claimed that the property was leased to Kings Point Utility in 1990, and that the City of Kissimmee, as the successor lessee of the property by dint of the receivership, had failed to make rental payments due since August 1, 1991. Ash Chemical sought eviction of the City and all past due rent.
After intervention was granted, the City filed its answer. It did not contest ownership of the property by Ash Chemical. As affirmative defenses, the City claimed that Ash Chemical was guilty of laches, waiver and failure to mitigate damages. A joint pretrial stipulation was subsequently entered by the parties which included the following issues:
(b) Whether the City is in breach of the lease agreement for the waste water treatment plant site. ■ This issue has as subis-sues of whether,'the City received a copy of the lease, whether the City had notice of the lease, whether the lease is valid, and. if the lease was breached by the City then the amount due to lessor.
■ During the hearing held on August 21, 1996, Ash Chemical objected to the City’s line of questioning in regard to whether Ash Chemical had title to the property. In addition, the City continuously argued over objection that Ash Chemical was committing a fraud upon the court and a fraud upon the receivership.
Your Honor, the only thing is [the attorney for the City] is alleging some type of fraud when in fact he has not pled anything of that sort. And to bring it in at this late date when we’re here for the eviction is well beyond the parameters of that pleading. He’s not in a position to bring something like that.... It’s not within the pleading, not within the parameters of the pleading or anything'that should be considered at this point.
At the conclusion of the hearing, the trial court found that the lease was a sham. The court also found that the deed and the lease were probably executed for the purpose of committing a fraud upon the court.
On appeal Ash Chemical seeks reversal of the trial court’s denial of rent. It correctly contends that since fraud was not pled by the City as an affirmative defense that it was waived. Fía. R. Civ. P. 1.110(d); Gause v. First Bank of Marianna, 457 So.2d 582, 585 (Fla. 1st DCA 1984). While the documentary evidence may have been confusing and suspicious, the bottom line is that Ash was denied the opportunity to prepare and present evidence to rebut the charge of fraud. This failure to have adequate notice of the fraud claim and the trial court’s final *364 judgment based upon that claim have violated Ash Chemical’s right to due process.
The validity of the deed that gave rise to Ash Chemical’s ownership interest was not an issue at trial, given the pleadings and pretrial stipulation, and the trial court clearly erred in considering it. The validity of the lease, on the other hand, was an issue at trial. The problem with the court’s invalidation of the lease is that the City simply did not include fraud within its answer or affirmative defenses, and fraud was not an issue at trial. Moreover, if the lease under which the utility was operated was invalid, then what possessory interest would inure to the receiver, the City of Kissimmee?
Accordingly, we reverse the final judgment of the lower court and remand with instructions to reconsider the claim of Ash Chemical in regard to back rent based upon the record evidence adduced at hearing. See Dober v. Worrell, 401 So.2d 1322, 1324 (Fla.1981).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
DAUKSCH, J., and ORFINGER, M., Senior Judge, concur.