753 So.2d 770 (2000)
CITY OF KISSIMMEE, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION, et al., Appellees.
No. 5D99-1504.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
*771 Donald T. Smallwood, Kissimmee, and Katherine E. Giddings and Silvia Morell Alderman, of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, for Appellant.
Martin S. Friedman of Rose, Sundstrom & Bentley, LLP, Tallahassee, for Appellee, Ash Chemical, Inc.
No Appearance for Appellee, Department of Environmental Regulation.
HILL, M., Associate Judge.
This is an appeal of a final order entered by the trial court directing the City of Kissimmee ("City"), as Receiver of Kings Point Utility, Inc. ("Utility"), to increase water and sewer rates in order to cover monthly rental expenses (current and past due) under a lease agreement with Ash Chemical, Inc. ("Ash Chemical").
The facts of this case are well known to this court since these parties have been before this court on two other occasions. We affirm the trial court's order based on the peculiar facts of this case, a concise background of which was set forth in the first appeal:
Ash Chemical [brought an action] against the City of Kissimmee, seeking eviction and unpaid rent on premises which the City, as receiver, has occupied and used to operate a private utility servicing a subdivision in Osceola County, Florida. As receiver, the City was required, among other things, to "charge, collect and receive the payments and any other monies arising from the operation of the Kings Point Water and Sewer Systems and expend those monies as necessary for the operation, management and control of the systems."
The City was appointed receiver of the utility in April, 1991, after the latter failed to correct a number of violations as determined by the Department of Environmental Regulation. Kings Point was leasing the real property upon which it had been operating the private utility. The lease of the utility property called for Kings Point to pay $1,800 per month to the lessor. At the time the City's receivership was instituted, the title holder of record of the realty upon which the utility was being operated by Kings Point was one William R. Wright, trustee. Subsequent to the appointment of the City as receiver in April, a deed was recorded on May 24, 1991, purportedly transferring title to the real property from Wright to Ash Chemical. The deed was dated in 1988 but referred to the 1990 lease from Wright to Kings Point.
In 1995, Ash Chemical, as the alleged successor owner (and lessor) of the property, moved to intervene in the receivership action. Ash Chemical claimed that the property was leased to Kings Point Utility in 1990 and that the City of Kissimmee, as the successor lessee of the property by dint of the receivership, had failed to make rental payments due since August 1, 1991. Ash Chemical sought eviction of the City and all past due rent.
Ash Chemical, Inc. v. Dep't of Environmental Regulation, 706 So.2d 362, 363 (Fla. 5th DCA 1998). A hearing was held on the matter, following which the trial court denied rent to Ash Chemical, concluding that the subject lease was a sham *772 and that the lease and deed purporting to transfer title to Ash Chemical were probably executed for the purpose of committing a fraud upon the court. Ash Chemical appealed and this court held that because fraud was not pled by the City as an affirmative defense, the trial court's final judgment based upon the City's claim of fraud violated Ash Chemical's right to due process. Id. at 363-64. This court further remanded with instructions to reconsider the claim of Ash Chemical in regard to back rent based upon the record evidence adduced at the hearing. Id. at 364. On remand, after a review of the evidence adduced at that earlier hearing, the trial court found that the City failed to prove its affirmative defenses of laches and waiver, and granted Ash Chemical's request for past rent with interest. The City then appealed Ash Chemical's judgment for past rent with interest, and this court affirmed the trial court's judgment and award of damages for Ash Chemical. City of Kissimmee v. Ash Chemical, Inc., (Fla. 5th DCA 1999). Ash Chemical then filed a "Motion for Order for Receiver to Increase Water and Sewer Rates" in the lower court. The substance of this motion was a plea for an order directing the City to increase the water and sewer rates for the Utility so as to recover the monies due for past rent and to cover on-going monthly rent due under the lease. The trial court heard arguments of counsel but heard no evidence regarding whether the then-current rate structure was fair and equitable. The trial court ruled in favor of Ash Chemical and entered an order which reads in part:
2. The Receiver, CITY OF KISSIMMEE shall immediately, (after public hearing, if necessary), increase the water and sewer rates for the customers served by the receiver in this action to completely cover the sum of $270,000 which includes the principal judgment amount of $267,632.00 plus some of the accrued interest....
This appeal ensued. The central issue on appeal is whether the trial court erred in ordering the City, as Receiver, to raise the water and sewer rates of the Utility.
The City contends that the trial court was without jurisdiction to set utility rates, citing to decisions which generally refer to the setting of rates under Chapter 180 as a legislative function. E.g., Mohme v. City of Cocoa, 328 So.2d 422 (Fla.1976). The City admits, however, that there are no reported opinions discussing the issue of setting utility rates under the peculiar type of facts found in this casewhere a utility is placed into receivership. As court-appointed Receiver, the City is required to operate, manage and control the Utility for the benefit of the customers serviced. This logically includes paying its lessor any rents due and owing under the lease to prevent possible eviction of the Utility for non-payment of rent, thereby putting customers in jeopardy. The City has not fulfilled its duty as Receiver as it has yet to pay the operational expense of rent. Since the City has failed to protect the interest of the customers serviced, we find the trial court was within its discretion in taking action at the request of Ash Chemical to insure that the operational expense of rent would be subsequently accounted for. It is well established that the court which appoints a receiver may issue orders as are necessary and proper for the property and interests of those concerned. Hood v. Ocklawaha Valley R. Co., 78 Fla. 659, 84 So. 97 (1920); Puma Enterprises Corp. v. Vitale, 566 So.2d 1343 (Fla. 3d DCA 1990). Moreover, where an operating receivership in which the public has an interest is authorized, the expenses of operation take priority. 44 Fla. Jur.2d, Receivers § 76. See also, Knickerbocker Trust Co. v. Green Bay Phosphate Co., 62 Fla. 519, 56 So. 699, 701-02 (1911).
Notwithstanding, the City asserts that the provisions of Chapter 180, Florida Statutes (1999) which govern municipal public works apply and that rates must be set pursuant to subsection 180.191(1). However, subsection *773 180.191(1) is not applicable in this case, as subsection (3) of section 180.191 specifically provides that, "[t]his section shall apply to municipally owned water and sewer utilities...." The City is not the owner of the Utility; it is the court-appointed receiver. Similarly, the City is exempt from rate regulation by the Public Service Commission under Chapter 367, Florida Statutes (1999), by virtue of subsection 367.022(2), which exempts "systems owned, operated, managed, or controlled by government authorities...."
In sum, we find the trial court did not abuse its discretion in ordering the City to increase the water and sewer rates of the Utility so as to recover money due for rent, especially in light of the fact that the order of the trial court gave the City an opportunity to have a public hearing on the issue to determine the proper rate.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.