GROSS, J.
Marion Campbell and Euthymius Co-coves were married from 1974 to 1985. Both parties had pensions with the State of Michigan. Around the time of their retirement, the parties moved to Florida. Cocoves and Campbell divorced on May 28, 1985. Paragraph eight of their property settlement agreement addressed the parties’ pension benefits and insurance policies. That paragraph provided in part:
The wife does further acknowledge that she is the irrevocable beneficiary of retirement, disability and/or insurance policies of the Husband, and the parties agree that she shall remain the irrevocable beneficiary thereof unless the marriage between them shall be termi- ■ nated and she shall subsequently remarry. In this connection, the parties agree to enter into and execute an Irrevocable Inter-Vivos Life Insurance Trust Agreement wherein the Wife shall remain primary beneficiary of such policy or policies and that in the event of her remarriage her then interest in said insurance shall be transferred and assigned to such persons as the Husband may so direct in the Irrevocable Inter-Vivos Life Insurance Trust Agreement.
Both parties remarried and did not speak to each other from 1986 to 1996. On June 11, 1996, Cocoves established the Co-coves Family Educational Trust, naming appellants as co-trustees. The trust was created to pay for the education of Co-coves’s grandchildren and his step-grandchildren through his wife Judith Cocoves. The trust was to be funded upon Cocoves’s death with benefits payable to Campbell as the. designated beneficiary of Cocoves’s pension from the State of Michigan Employees Retirement System. The trust instrument recited that Campbell was in “the process of assigning to the trustees of the trust all of her interest as a secondary beneficiary under [Euthymius’s] Michigan Pension.”
Also on June 11, Cocoves’s - attorney wrote to Campbell referencing the property settlement agreement and requesting that she assign her interest in the benefits from the Michigan pension to the co-trustees. Campbell consulted her attorney but did not respond to the letter.
In October 1996, Cocoves’s attorney wrote Campbell a second letter. This communication stated that if Campbell did not assign the pension benefits, then Co-coves would take Campbell back to court to seek enforcement of the property settlement agreement. After Campbell again consulted her attorney, she signed the as *912 signment furnished by Cocoves’s attorney. The assignment read:
MARION RICE CAMPBELL, formerly known as MARION RICE COCOVES and MARION RICE, the former wife of EUTHYMIUS A. COCOVES, does hereby convey, assign and transfer all interests which she may have as a secondary beneficiary in the following described Pension and Variable Annuity in which EUTHYMIUS A. COCOVES is the primary beneficiary:
(1) Pension from State of Michigan— Employees Retirement System; and
(2) State of Michigan Deferred Compensation Program: Variable Annuity Life Insurance Company.
[T]o JUDITH R. COCOVES and NICHOLAS P. COCOVES, Trustees of the COCOVES FAMILY EDUCATIONAL TRUST and directs the administrators of said Pension and Variable Annuity, upon the death of EUTHYMIUS A. CO-COVES, to pay any proceeds to which she is entitled to the then acting Trustees of the COCOVES FAMILY EDUCATIONAL TRUST.
Cocoves died on December 13, 1996. Campbell applied to Michigan for the pension benefits and began receiving a monthly benefit of approximately $1,051 in July 1997. She received a lump sum payment of $8,169.76, representing benefits due from January to June 1997. Campbell refused to direct Michigan to send payments to the trust and to pay to the trust any of the benefits she received.
' In January 2000, appellants filed suit seeking to enforce the assignment and impose a constructive trust. After a non-jury trial, the trial judge entered judgment for Campbell, finding inter alia that the assignment was “not valid based upon the inaccuracies and the way it was represented.”
The 1996 assignment of the pension benefits was an act with legal significance apart from the property settlement agreement. The assignment was supported by consideration. It is well settled in Florida that “forbearance from pursuing a legal remedy, where the promisee has a bona fide belief that a viable legal right exists, constitutes valid consideration for an agreement which benefits the promisor.” Citibank Int’l v. Mercogliano, 574 So.2d 1190, 1191 (Fla. 3d DCA 1991); accord Alpha Elec. Supply, Inc. v. Drake Contracting, Inc., 407 So.2d 363, 365 (Fla. 5th DCA 1981) (stating that “[a] contract must be supported by consideration and where a party has a bona fide belief that he has a legal right, forbearance to enforce that right may be consideration for an agreement.”). As the circuit court observed at trial, the October 1996 letter from Co-coves’s attorney “fairly plainly” supplied proof of consideration for the assignment.
Finding that it had been induced by misrepresentations, the trial court did not enforce the assignment. The attorney’s October 1996 letter indicated that the trust was an irrevocable trust established for the benefit of Cocoves’s grandchildren; however, the trust was actually a revocable trust where the beneficiaries included not only his grandchildren, but .also his step-grandchildren.
Appellants are correct that Campbell did not plead fraud or misrepresentation as an affirmative defense. When a party asserts fraud as a defense, the pertinent facts and circumstances constituting fraud must be pled with specificity, and all the essential elements of fraudulent conduct must be stated. See Peninsular Fla. Dist. Council of Assemblies of God v. Pan Am. Inv. & Dev. Corp., 450 So.2d 1231, 1232 (Fla. 4th DCA 1984). An affirmative defense of fraud or misrepresentation should specifically identify the misrep *913 resentations or omissions of fact and how those acts or omissions were false or misleading. Cf. Robertson v. PHF Life Ins. Co., 702 So.2d 555, 556 (Fla. 1st DCA 1997) (stating that appellant’s complaint should have specifically identified “misrepresentations or omissions of fact, the time, place or manner in which they were made, and how the representations were false or misleading”).
In her answer to the complaint, Campbell raised nine affirmative defenses; none involved fraud or misrepresentation. An affirmative defense of fraud that is not pleaded with particularity is deemed waived. See Ash Chem., Inc. v. Dep’t of Envtl. Regulation, 706 So.2d 362, 363 (Fla. 5th DCA 1998). The issue of fraud was not tried by the express or implied consent of the parties. Testimony concerning the attorney’s letter was relevant to other issues in the case and to the circumstances surrounding the execution of the assignment. Therefore, the trial court erred in refusing to enforce the assignment because of fraud.
We reverse the final judgment and remand to the trial court for the entry of a final judgment in favor of appellants, which shall include, among other things, the requirement that Campbell direct the Michigan retirement plan administrator to deposit all future benefits into an account established for the benefit of the Cocoves Family Educational Trust.
SHAHOOD and MAY, JJ., concur.