846 So.2d 684 (2003)
Dieter ZIKOFSKY, an individual, Appellant,
v.
ROBBY VAPOR SYSTEMS, INC., Appellee.
No. 4D02-1395.
District Court of Appeal of Florida, Fourth District.
June 4, 2003.
Mark J. Dearman and Robert J. Harkins of Dearman & Gerson, Plantation, for appellant.
Thomas D. Lardin of Thomas D. Lardin, P.A., Fort Lauderdale, for appellee.
GROSS, J.
We affirm the final judgment awarding damages to Robby Vapor Systems, Inc., which substituted as the plaintiff in the case pursuant to an agreed order on March 6, 2001. Contrary to appellant's argument, Robby Vapor Systems was entitled to enforce the 1997 settlement agreement. The settlement agreement indicated "successors, assignees and affiliated entities" could enforce its terms.
We find no abuse of discretion in the trial court's sustaining of Robby Vapor Systems' objections to appellant's requests for production. The requests supposedly pertained to appellant's affirmative defense of fraud which read: "As his fourth affirmative defense, Defendant states that the Settlement Agreement was procured by fraud."
A trial court has broad discretion regarding discovery matters. See, e.g., SCI Funeral Servs. of Fla., Inc. v. Light, 811 So.2d 796, 798 (Fla. 4th DCA 2002). Where fraud is an issue, the scope of discovery turns on the nature of the fraud alleged. In order to raise an affirmative defense of fraud, the "pertinent facts and circumstances constituting fraud must be pled with specificity, and all the essential elements of fraudulent conduct must be stated." Cocoves v. Campbell, 819 So.2d 910, 912 (Fla. 4th DCA 2002). "An affirmative defense of fraud that is not pleaded with particularity is deemed waived." Id. at 913. Allegations of fraud that are too general, vague, or conclusory are insufficient *685 to establish the defense. See Myers v. Myers, 652 So.2d 1214, 1215 (Fla. 5th DCA 1995).
Appellant's general allegation was insufficient to establish an affirmative defense of fraud. It was not an abuse of discretion for the court to sustain objections to discovery when appellant failed to properly raise the defense.
We find no abuse of discretion in the trial court's denial of appellant's motion to add a counterclaim and third party complaint. The motion came less than three months before trial, over two years after Robby Vapor Systems had last amended its complaint.
Finally, we find appellant's complaints concerning his status as an employee to be moot, since the trial court did not enforce the restrictive covenant.
AFFIRMED.
POLEN, C.J., and KLEIN, J., concur.