973 So.2d 632 (2008)
Marc BARRETT, Appellant,
v.
Dean R. BARRETT and Bradford H. Barrett, Appellees.
No. 4D06-4744.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
*633 Theodore R. Dempster, Miami, for appellant.
Susan Fleischner Kornspan of Greenberg Traurig, P.A., West Palm Beach; Elliott H. Scherker, Elliot B. Kula and Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, for appellees.
KLEIN, J.
Marc Barrett appeals a judgment which permanently removed him as trustee of a family trust and found that he owed the trust several hundred thousand dollars. He argues that the court erred in denying his motion to amend his answer to allege that he was discharged in bankruptcy from any indebtedness to the trust. We affirm.
The trust was created by Marc Barrett's father who died in 1973. The beneficiary was Marc's mother, and the mother and her three sons, one of which was Marc, were co-trustees. Many years later Marc's brothers became aware that Marc had obtained money from the trust when he was undergoing personal financial problems around 1982 to 1984. Marc acknowledged a debt to the trust and agreed to the amount of the indebtedness being deducted from future distributions. Marc also agreed that he would no longer be involved in the management of the trust; however, he formally remained as a trustee.
In 2005, when Marc was again experiencing financial difficulties, he attempted to interfere with the management of the trust, and his brother's filed this lawsuit seeking to have him removed as co-trustee and a declaratory judgment ordering that any funds improperly taken from the trust by. Marc would be deemed advancements, to be recouped as an offset against future disbursements to Marc from the trust.
The first issue Marc raises, and the only one we address, is the denial of his motion to amend his answer to raise the defense that any money he owed the trust had been discharged in bankruptcy. The complaint was filed in October, 2005, and seventeen days before the trial in July, 2006, Marc filed a motion for leave to amend with his proposed amendment attached. The proposed amendment alleged that Marc had gone through a bankruptcy in 1985 in Colorado and that the indebtedness to the trust was based on promissory notes he had executed in the early 1980's before the bankruptcy. His motion to amend asserted:
2. The Defendant also wishes to assert the affirmative defense of discharge in bankruptcy. In attempting to respond to the Plaintiff's Request for Production of Documents, the Defendant recently traveled to Denver, Colorado to review his bankruptcy file. The Defendant filed a personal and business bankruptcy proceeding in the United States Bankruptcy Court, District of Colorado in 1985. The Defendant was uncertain to what extent the Plaintiffs, the mother Helen Barrett and/or the trust were claimants in that proceeding. The Defendant's review of the court file reflects that the Plaintiffs, Helen Barrett and the trust were all noticed and participated in the bankruptcy proceeding. The Defendant received, in 1986, a bankruptcy discharge, which effectively discharged *634 all of the claims asserted in these proceedings. Accordingly, the discharge in bankruptcy operates as an absolute bar to the claims asserted in these proceedings.
Significantly, Marc did not attach any documents to support his statements about the bankruptcy. The court entered an order denying the motion to amend without prejudice.
The non-jury trial did not begin as scheduled in July, 2006, but did take place at the end of September, 2006. At the beginning of the trial, Marc asked the court to continue the trial for a week or two stating that the bankruptcy court had reopened his bankruptcy case. The court refused to delay the trial but agreed to "incorporate whatever the bankruptcy court says" into the final judgment. No orders or any other documents from the bankruptcy court were filed.
Amendments to pleadings under rule 1.190 should be liberally granted when justice requires, but the closer a case is to trial when amendment is requested, the less likely a denial of amendment will be an abuse of discretion. Zikofsky v. Robby Vapor Sys., Inc., 846 So.2d 684 (Fla. 4th DCA 2003).
If Marc, who alleged that he had just reviewed the court file of his bankruptcy, had attached documents supporting his proposed affirmative defense that these claims were discharged, we have no doubt that the trial court would have allowed him to amend. Notably, the court denied the motion without prejudice, and the trial was postponed for several months, yet Marc made no effort to support his claim by attaching documents. Under these circumstances the court did not abuse its discretion in denying the motion.
We have considered the other issues raised and find that they are without merit.
FARMER and HAZOURI, JJ., concur.